J. B. PENNINGTON v. TOWN OF TARBORO.

(Filed 20 September, 1922.)

1. **Municipal Corporations—Cities and Towns—Surface Water—Waters—Negligence—Drains—Damages.**

It is an actionable nuisance for a city or town, after receiving sufficient actual or implied notice, to permit its sewer or drain to fill up with debris and other obstructions so as to repeatedly cause the surface or rain water to flood the property of a resident owner, upon the street, and thereby damage his property.

2. **Appeal and Error—Instructions—Objections and Exceptions—Prayers for Instruction—Special Requests.**

Where there is evidence of actionable negligence on the part of a city or town in permitting its drain, etc., to become successively stopped up so as to pond water upon the plaintiff's property, after notice thereof had been given, an exception that the charge of the court was not sufficiently definite as to the time of the notice, and the damage thereafter resulting, is untenable, it being required of the defendant to have presented this question by an appropriate request for special instruction.

APPEAL by defendant from *Horton, J.,* at April Term, 1922, of EDGECOMBE.

The action is to recover damages caused to plaintiff's property by defendant in negligently permitting the city sewer or drains to fill up, thereby causing the surface waters in the city to flood the plaintiff's property, and doing substantial damage to same. Denial of liability by defendant. Verdict for plaintiff, assessing his damages at $1,000. Judgment on the verdict, and defendant excepted and appealed.

*G. M. T. Fountain & Son for plaintiff.*
*Donnell Gilliam for defendant.*

HOKE, J. Plaintiff complained, and offered evidence tending to show, that in the summer of 1920 he was the proprietor of a building in the town of Tarboro, used by him for a garage and in the sale of automobile supplies, etc. That during said period the town authorities had negligently permitted the city sewer and drain below plaintiff's property to fill up with debris and other obstructions, causing the surface or rain waters, three times during said summer, to flood plaintiff's property and doing substantial injury both to the building and the supplies therein, amounting by plaintiff's estimate and testimony to $1,600 or $1,700.

The evidence further tended to show that after the first flooding plaintiff personally called the attention of the town authorities to the conditions presented, but they failed to correct the trouble, and there was a second and a third flooding, the last being much the worst, and

doing extensive injuries.  Upon these facts, which the jury have accepted
and established by their verdict, it appears that defendant has been
guilty of negligence constituting a nuisance and causing damage to plain-
tiff's property, and for which the town has been properly held liable.
*Hines v. Rocky Mount,* 162 N. C., 409; *Donnell v. Greensboro,* 164
N. C., 330; *Watson v. New Milford,* 72 Conn., 561; *Hines v. Nevada,*
150 Iowa, 620; *Nevins v. Fitchburg,* 174 Mass., 545; 9 R. C. L., pp.
672-673.

It is not seriously contended by defendant that the town is not liable
for the second and third flooding, and the damages incident thereto, but
it is insisted that there is prejudicial error in the charge of the court on
the issue as to the amount of damages suffered, the objection being that
all damages incident to the first flooding should have been eliminated for
want of notice or knowledge on the part of the authorities of the faulty
condition of the sewer.

While the charge is not as full or definite on the issue as could be
desired, when taken in connection with his Honor's statement of the
respective contentions of the parties, and considered as a whole, the jury
were instructed in effect that the plaintiff should be allowed damages for
the impaired value of his property or the pecuniary loss incident to
defendant's wrong.  This is the correct general rule applicable to the
case.  It was not ascertained or necessarily established by the testimony
that the town was not sufficiently informed of the condition of the sewer
at the time of the first flooding to import liability.  And if defendant
thought there were phases of the evidence permitting such an inference
and limiting the damages in that respect, he should have presented the
question by a special prayer for instructions.  *Hill v. R. R.,* 180 N. C.,
490; *Buchanan v. Furnace Co.,* 178 N. C., 643.

In this last case the position is stated as follows: "Exceptions that
the instructions of the court to the jury were not sufficiently full and
explicit will not be considered on appeal.  If the appellant desired any
particular phase of the case to be presented to the jury, he should have
requested a special instruction presenting it."

We find no reversible error in the record, and the judgment for
plaintiff is affirmed.

No error.