LOUISVILLE & NASHVILLE RAILROAD COMPANY v. W. A. NICHOLS.

(Filed 22 January, 1924.)

**1. Railroads—Pleadings—Counterclaims—Torts.**

A counterclaim is not permissible for a distinct and independent tort, and where a railroad sues to recover a part of its right of way from one who is alleged to have wrongfully appropriated it, a counterclaim for a trespass by the plaintiff on a different tract of defendant's land is not maintainable.

**2. Same—Courts—Jurisdiction—Appeal and Error—Objections and Exceptions—Demurrer.**

The matter of setting up in the answer an improper counterclaim is not jurisdictional, and the plaintiff may waive his right to except thereto by proceeding throughout the trial without objection; and a demurrer entered upon the ground that the evidence to sustain the counterclaim was insufficient, does not meet the requirement.

**3. Railroads—Trespass—Permanent Structures — Damages — Limitation of Actions—Actions.**

The present owner of land may recover of a railroad company, under the provisions of C. S. sec. 440 (2), the entire damages to his land caused

by permanent structures or proper permanent repairs of defendant, for a period of five years from the time when the structures or repairs caused substantial injury to the claimant's land, unless a former owner, entitled thereto, had instituted action therefor before his sale and conveyance of the land thus permanently injured by the trespass.

**4. Appeal and Error—Instructions—Record—Presumptions—Burden to Show Error.**

The burden is on the appellant to establish substantial error; and where the charge of the court is not set up in its entirety in the record, an exception that it did not sufficiently cover a phase of the controversy arising upon the evidence, is untenable, the presumption being to the contrary.

Appeal by plaintiff from *Lane, J.,* at June Term, 1923, of Cherokee.

Civil action tried on a principal cause of action by plaintiff and counterclaim thereto set up by defendant. The principal action by plaintiff is to establish ownership and to recover possession of a narrow strip of land at Culberson, N. C., acquired by plaintiff company under deeds conveying a right of way to plaintiff or its predecessors in title, and including the station grounds at said place, some portion of which was withheld by defendant. Defendant denied the wrongful possession of the land claimed by him, and by way of counterclaim set up a cause of action against plaintiff company for damages done to other lands of defendant lying near to the road, by reason of plaintiff or its predecessors having wrongfully diverted the surface water on plaintiff's land by means of its culverts and drains, permanent in nature, and whereby the lands of defendant were greatly damaged. Plaintiff replied to the counterclaim, set up a judgment claiming that defendant was thereby estopped from disputing plaintiff's title to its right of way, and denied also that it had wrongfully diverted water on defendant's lands as alleged. The case was thereupon submitted to the jury, on both causes of action, without objection so far as noted, and on issues submitted, verdict was rendered as follows:

"1. Is the plaintiff, Louisville and Nashville Railroad Company, the owner of the 200-foot strip of land described in the complaint? Answer: 'Yes.'

"2. Is the defendant, W. A. Nichols, in the unlawful possession of a part of said strip of land, as alleged in the complaint? Answer: 'Yes.'

"3. What damage, if any, is plaintiff entitled to recover from said defendant on account of such possession? Answer: '$1.'

"4. Did the plaintiff company wrongfully divert surface waters and cause same to be discharged upon the lands of defendant, referred to as the Kilpatrick lands, as alleged in the answer? Answer: 'Yes.'

"5. What damage, if any, is defendant Nichols entitled to recover of the plaintiff on account of such diversion? Answer: '$100.'"

Judgment for plaintiff on the principal action, from which there was no appeal, and for defendant for damages assessed at $100; from which said judgment plaintiff excepted and appealed.

*M. W. Bell for plaintiff.*
*John H. Dillard and Thomas J. Hill for defendant.*

Hoke, J. Under our statutes and decisions construing the same, a counterclaim is not permissible for a distinct and independent tort, and applying the principle, in an action to recover a tract of land alleged to belong to plaintiff, a counterclaim for a trespass by plaintiff on a different tract of land belonging to defendant is not maintainable. *Street v. Andrews,* 115 N. C., 417, 422; *Bazemore v. Bridgers,* 105 N. C., 191; C. S., 521, 522.

While this is the accepted principle, it is not a jurisdictional question, and the approved decisions on the subject are to the effect that the objection may be waived and will be considered as waived unless specifically raised in the pleadings or insisted on when the evidence is offered in support of the counterclaim, and more especially is this true where the cases have been "tried throughout on the theory that it is a proper counterclaim." *Richardson v. Anderson,* 109 Md., 641; *Stensguard v. Real Estate Co.,* 50 Minn., 429; 2 R. C. L., 877, 878; 34 Cyc., 649, 650; *Brown v. Chemical Co.,* 165 N. C., 421.

True, in the present case, there was motion to nonsuit, but this, termed under our statute a demurrer to the evidence, was evidently made on the general ground that defendant's evidence was insufficient to support his counterclaim, and a perusal of the record will show that the case throughout was dealt with as if the counterclaim was one properly to be considered, and issue was joined and the case tried on that theory. In that aspect we find no error in the record that will justify the Court in disturbing the result.

Our statute, C. S., 440, subsec. 2, as a statute of limitations on claims of this character, fixes the period of five years for trespasses arising from the permanent structures or proper repairs of a railroad, the statute commencing to run from the time when the structure causes substantial injury to claimant's property. *Campbell v. R. R.,* 159 N. C., 586. And this statute contains provision also that the jury shall assess the entire amount of damages a party aggrieved shall be entitled to recover by reason of such a trespass. In construing this statute we have held that the grantee in fee of the property may maintain this action for the entire damage unless a former owner had instituted action

therefor before the sale and conveyance. *Caveness v. R. R.,* 172 N. C., 305. In that case the positions pertinent are given as follows:

"The act of a railroad in entering upon and constructing and operating its railroad over a street abutting the lands of another, without having resorted to condemnation proceedings or having otherwise acquired the right, is a continuing trespass upon the lands of the abutting owner, and the right to recover permanent damages therefor will pass to the grantee of the owner, when no other provision has been made in the deed, unless the grantor has theretofore instituted his action to recover them.

"Where a railroad company, without authority, enters upon a street abutting the lands of private owners and constructs and operates its railroad thereon, the owner, by instituting his action to recover damages, confers the right to the easement to the railroad company, upon payment and tender, etc., by the company of the amount awarded by the appraisers; and where no action has been instituted, and the lands have been conveyed after their appropriation and use by the company, the right to recover permanent damages therefor inures to him who first institutes his action pending his ownership, unless there is a different provision in the conveyance."

On perusal of the record it appears that defendant, who sets up the counterclaim, was, at the time of action commenced and counterclaim made, and is now, the owner of the property. The pleadings are broad enough to present a claim for the permanent damages and the evidence, if accepted, sufficient to maintain it; and, as stated, the exceptions fail to disclose that any reversible error has been committed.

The exception to a clause of his Honor's charge on the question of damages cannot be sustained. The instruction is correct as far as it goes, and the entire charge not being sent up, the Court will presume that such charge has dealt adequately with the questions, the burden being on the appellant to establish substantial error. *Quelch v. Futch,* 172 N. C., 316; *Baggett v. Lanier,* 178 N. C., 129; *Pennington v. Tarboro,* 184 N. C., 71.

On careful consideration of the case as now presented the Court is of opinion that the judgment should be affirmed, and it is so ordered.

No error.