THE ENGLISH DRUG COMPANY v. FRED M. HELMS and His Wife, ESTELLE HELMS.

(Filed 26 November, 1930.)

**Landlord and Tenant B b—Under facts of this case lessee was entitled to recover under agreement for payment by lessor of cost of heating plant.**

Where under a written contract the lessee installs a heating plant in the leased premises whereby the lessor agrees to pay him the amount he paid therefor at the expiration of the lease, and accordingly the lessee makes demand for this exact amount, which is not disputed, further stipulations in the lease contract that the parties shall agree upon the cost of the heating plant "and place the same in writing" is not prerequisite to the lessee's right of recovery in his action for the actual cost of the plant.

APPEAL by defendants from *McElroy, J.,* at August Term, 1930, of UNION. No error.

This is an action to recover of the defendants the sum of $1,672.67, the amount expended by plaintiff for the installation of a steam heating plant in a building owned by defendants, and occupied by plaintiff, under a lease from defendants. The steam heating plant was installed in said building, during the term of the lease, pursuant to a provision therein as follows:

"It is further agreed, and the parties of the first part hereby consent that the party of the second part may, if it should see fit at any time during the lease period, put in steam heat in said building, and if it does put steam heat in said building, it shall bear all expense thereof,

but shall submit said expense to the parties of the first part so that they will know the exact cost thereof, and at the end of said lease period, or at the end of any renewal of said lease—should the same be renewed—the parties of the first part agree and bind themselves to pay to the party of the second part, when the said party of the second part terminates the occupancy of said premises, at the end of this lease period, or any renewals, or extensions thereof, the exact amount that it cost the party of the second part to put in said steam heating plant, without interest. In order that there may be no misunderstanding in regard to the cost, when the same is installed—if the party of the second part installs the same—the parties shall agree upon said figures and place the same in writing."

The terms of the lease expired on 1 January, 1930. The lease was not renewed or extended. This action was begun on 7 January, 1930.

The uncontradicted evidence offered by the plaintiff showed that plaintiff installed a steam heating plant in the building while the lease was in force, and expended for such installation the sum of $1,772.67. Thereafter the plant was damaged by fire. Plaintiff collected from an insurance company the sum of $100, in full settlement of its loss and damage, which sum it applied as a credit on the amount which it had expended for the plant, leaving a balance of $1,672.67.

There was no evidence tending to show that at the time the steam heating plant was installed, plaintiff submitted to defendants the exact cost of said plant, although all the evidence showed that defendants were advised of the purpose of plaintiff to install the plant, and were consulted as to the cost of same.

Plaintiff did not allege in its complaint or offer evidence tending to show that plaintiff and defendants agreed in writing or otherwise as to the cost of the plant prior to the commencement of the action.

The issue submitted to the jury was answered as follows:

"In what amount, if any, are defendants indebted to the plaintiff? Answer: $1,672.67."

From judgment that plaintiff recover of the defendants the sum of $1,672.67, with interest from 18 August, 1930, and the costs of the action, defendants appealed to the Supreme Court.

*John C. Sikes for the plaintiff.*
*Vann & Millikin for defendants.*

CONNOR, J. Under the provision in the lease, on which the cause of action alleged in the complaint is founded, as correctly construed in the court below, the defendants are liable to plaintiff for the amount expended for the installation of the steam heating plant in defendant's

building. This liability is not dependent upon the submission by the plaintiff to the defendants at the time the plant was installed, of the exact amount of its cost, nor upon an agreement in writing between the parties, prior to the commencement of the action, as to said amount. Neither such submission, nor such agreement is a condition precedent to the right of plaintiff to recover in this action. The principle stated in *Wade v. Lutterloh,* 196 N. C., 116, 144 S. E., 694, and cases cited therein, and relied on by defendants, although well settled, has no application in the instant case.

The defendants agreed and bound themselves to pay to plaintiff, when plaintiff surrendered possession of their building, including the steam heating plant installed therein by plaintiff, at its own expense, the exact amount of the cost of said plant. All the evidence showed a substantial compliance by the plaintiff with the provision that it should submit to defendants the exact amount expended by it for the plant. It is manifest that plaintiff could not agree in writing as to such amount without the concurrence of defendants. It is apparent that there is no controversy between the parties to this action as to the amount actually expended by plaintiff for the steam heating plant.

Defendants' assignments of error based on their contention that plaintiff is not entitled to recover in this action cannot be sustained.

There was no error in the judgment sustaining plaintiff's demurrer *ore tenus* to the counterclaim of defendants. This counterclaim is founded on a tort, while the cause of action alleged in the complaint is founded on a contract. The tort alleged does not arise out of and has no relation to the contract or transaction alleged in the complaint. C. S., 521. See *Thompson v. Buchanan,* 195 N. C., 155, 141 S. E., 580; *R. R. v. Nichols,* 187 N. C., 153, 120 S. E., 819.

We find no error on this appeal. The judgment is affirmed.