Plaintiff brought suit against the defendant to recover possession of land. The defendant filed an answer alleging that she had given certain mortgages to secure indebtedness therein specified, and that both mortgages had been purchased by the plaintiff, and that subsequent thereto she and the plaintiff had entered into an agreement to the effect the plaintiff should foreclose the mortgage on the one-hundred-and-fifty-acre tract and to purchase same at the sale and "hold the title for the defendant, and make same to defendant upon defendant's executing notes and security in an amount spread out through several years to cover the indebtedness of defendant to plaintiff. . . And this indebtedness was to be the purchase price of the property," etc. Plaintiff further alleged that the land was sold, but that she did not attend the sale, relying upon said agreement, and that thereafter, on 5 February, 1932, the plaintiff, in violation of the agreement, proceeded to obtain possession of both of said tracts of land in a summary ejectment before a justice of the peace, and also by virtue of said judgment and proceeding, took certain teams, farm equipment and other personal property belonging to the defendant.
For a second cause of action the defendant alleged that the foreclosure was fraudulent, and that the defendant was entitled to have the same vacated and set aside.
For a third cause of action the defendant alleged in the answer "that the plaintiff, in an effort to unlawfully, inequitably and wrongfully damage this defendant, instituted the said summary ejectment before a justice of the peace, in disregard of this defendant's rights, . . . and did wrongfully remove this defendant from the possession of her own lands, and . . . put her, the defendant, in jail and the property of the defendant in the road, in pursuance of and in carrying out their unlawful and wrongful, unlawful and inequitable effort to dispossess this defendant and take charge of her property." Thereupon, defendant prayed that the deeds made to the plaintiff as a result of foreclosure be declared void, and that the plaintiff be adjudged to hold title to said property for the defendant. Furthermore, that defendant recover of *Page 309 
plaintiff "the items of team, fertilizer, damage and rents as set forth herein in the sum of $4,100," and that the defendant recover under the third cause of action "damage by reason of the wrongful dispossession, throwing of personal property in the road and defendant in jail, and the humiliation and disgrace thereof, in the sum of $10,000."
Plaintiff filed a reply to the first and second causes of action contained in defendant's counterclaim, and demurred to the third cause of action upon the ground that said third cause of action is "for an alleged tort which did not grow out of the cause of action alleged in the complaint," etc.
The trial judge was of the opinion that the demurrer to the third cause of action was valid, and so adjudged, and from such ruling the defendant appealed.
The third cause of action is based upon a separate and distinct tort in the nature of abuse of process, and hence could not be properly joined with the other causes of action constituting a counterclaim. R. R. v. Nichols,187 N.C. 153, 120 S.E. 819; Sasser v. Bullard, 199 N.C. 562,155 S.E. 248; Williams v. Gooch, 206 N.C. 330; Lucas and Lewis v. NorthCarolina Bank and Trust Co., 206 N.C. 909.
Affirmed.