## MORTON G. THALHIMER, INC., v. AARON ABRAMS.

(Filed 10 May, 1950.)

**Pleadings § 31—**

    A "further defense" which contains averments of fraud but which is insufficient to state a cause of action against plaintiff for actionable fraud is properly stricken upon motion when the averments are irrelevant to the issue between plaintiff and defendant.

JORDAN *v.* SASSER.

APPEAL by defendant from *Stevens, J.,* at December Civil Term, 1949, of NEW HANOVER.

Civil action to recover on written contract commissions on rentals as compensation for negotiating a lease. Defendant denies all allegations of complaint. While action was pending, the leased premises burned. Thereafter plaintiff, by leave of court, filed an amendment to its complaint so as to include in its claim commissions on rents up to date of the fire. Defendant, answering, also denies the allegations of the amendment, and sets up what he terms "a further defense." Plaintiff moved to strike the allegations of the further defense for that they are "irrelevant, immaterial and impertinent, for even taken as true the said allegations of the further defense would neither work a defense for the defendant nor give him a cause of action nor counterclaim against the plaintiff." The motion was allowed, and from order in accordance therewith, defendant appeals to the Supreme Court and assigns error.

*Harriss Newman and Rountree & Rountree for plaintiff, appellee.*
*Emmett H. Bellamy and Isaac C. Wright for defendant, appellant.*

PER CURIAM. While it appears from careful reading and consideration of the matters set up in defendant's further defense that there are averments of fraud, it is manifest that these averments are insufficient to state a cause of action against plaintiff for actionable fraud. And what the effect of the averments is in respect of the lessees and their assignee is a matter foreign to the issue between plaintiff and defendant. Hence in the order striking the further defense, no error is made to appear.

Affirmed.