ANN TAYLOR HOLLOWELL TAYLOR, ADMINISTRATRIX OF THE ESTATE
OF WAYLAND C. HOLLOWELL, JR., DECEASED V. THE TOWN OF
HERTFORD, A MUNICIPAL CORPORATION.

(Filed 14 December, 1960.)

**Municipal Corporations § 12—**

A municipal corporation cannot be held liable for the death of a
motorist killed while driving along a street constituting a part of a
State Highway when the limb of a dead tree on the right of way fell
and crushed the cab of his vehicle, since under G.S. 160-54, G.S. 136-
93 and G.S. 136-41.1 (the repeal of the latter statute by its express
terms not affecting pending litigation) the right to control the area
was vested in the State Highway Commission.

APPEAL by plaintiff from *Burgwyn, Emergency J.,* at February
Term, 1960, of PERQUIMANS.

Civil action to recover damages for the alleged wrongful death of
Wayland C. Hollowell, Jr., when an elm tree fell on the cab of the
truck he was driving in the Town of Hertford, North Carolina.

Wayland C. Hollowell, Jr., was killed 10 January, 1957, while driv-
ing his bread truck on Edenton Road Street, one of the most fre-
quently traveled streets in the town of Hertford, and a portion of
North Carolina Highway 37 and U. S. Highway 17.

Edenton Road Street runs through the town of Hertford in a gen-
eral north-south direction. At the point where the incident complained
of occurred, Edenton Road Street was approximately 50 feet wide.
The traveled or paved portion of the street was approximately 30
feet wide from curb to curb. This 30-foot paved portion was bordered
by 10-foot strips of land on each side.

A concrete sidewalk is located in the 10-foot strip of right-of-way
on the east side of the paved portion of the street. In the 10-foot
strip on the west side of the paved portion, the town owned, operat-
ed, and maintained a series of electric current transmission and dis-
tribution lines upon the usual poles. The town admitted that it was in
the business of furnishing, selling, distributing and delivering electric-
ity to its residents for a charge.

At a point just south of where King Street intersects the west side
of Edenton Road Street, there was located, on the day in question,
an elm tree. The tree was located several feet from the curb and
near the electric lines of the defendant town.

There was evidence that the wind was gusty on the day in question.

The plaintiff introduced evidence tending to show:

(1) That in 1935 defendant town had agreed by contract with

the Highway Department to maintain the portion of Edenton Road Street which is in question.

(2) That the defendant town had cut the grass in the strip of land outside the curb on occasions prior to the incident complained of by the plaintiff administratrix.

(3) That the servants and agents of the defendant town had trimmed away portions of the limbs and branches of the elm tree to prevent interference with its power lines.

(4) That the State maintained only the paved traveled portion of the street now in question.

(5) That lightning had struck the tree in 1955, and that in 1956 it did not leaf out, having only a few green leaves. That in the summer of 1956 mushrooms grew on the tree.

(6) That the defendant was notified of the decayed and rotten condition of the tree, and that the city had at all times prior to the accident not done anything about the tree.

(7) That on the day the incident complained of occurred, the intestate was proceeding in a careful manner in a southerly direction along said Edenton Road Street. Just to the south of the intersection of King Street, the intestate's panel truck was struck by part of the elm tree. The tree fell on the cab of the truck, crushing it, and the intestate died as a result of the injuries received therein.

The record of case on appeal shows that at close of plaintiff's evidence defendant's motion for judgment as of nonsuit was allowed. To the judgment and the signing thereof plaintiff excepts, and, in open court, appeals to the Supreme Court and assigns error.

*John R. Jenkins, Jr., LeRoy, Goodwin & Wells for plaintiff, appellant.*

*Charles E. Johnson, John H. Hall for defendant, appellee.*

WINBORNE, C. J. In sustaining the motion to nonsuit, the court apparently relied on G.S. 136-41.1; G.S. 136-93 and G.S. 160-54. The record shows that counsel for defendant in making motion for judgment as of nonsuit called primarily to the Judge's attention three statutes which defendant contends either separately or in combination one with the other absolutely control the question, and basically are the premise that the control and the right to control the area under consideration was not that of the Town of Hertford but it was that of the State Highway Commission, or in any event, some person or some association or corporation other than the Town of Hertford; and that under the doctrine that in the absence of responsibility

there can be no liability in a negligence case. In this connection defendant directs attention to declarations by this Court in the cases of *Jones v. Greensboro,* 124 N.C. 310; 32 S.E. 675, and *Mack v. Marshall Field & Co.,* 218 N.C. 697, 12 S.E. 2d 235.

The *Jones* case, *supra,* was for the recovery of damages for personal injuries occasioned by reason of a dead limb falling on plaintiff from a shade tree on sidewalk of a street in Greensboro. And the Court in speaking of liability of the city growing out of the power conferred on the city over its streets, states that "each case must depend upon its exact facts and upon the circumstances of the particular case in view of statutory provisions of the State."

And in the *Mack* case, *supra,* it is said: " * * * in the absence of any control of the place and of the work there was a corresponding absence of any liability incident thereto. That authority precedes responsibility, or control is a prerequisite of liability, is a well recognized principle of law as well as of ethics."

And defendant contends, and we hold rightly so, that these statutes clearly demonstrate that the authority and control over the tree referred to in this action was that of the State Highway Commission.

G.S. 136-41.1 provides that "from and after July 1, 1951, all streets within municipalities which now or hereafter may form a part of the State highway system shall be maintained, repaired, improved, widened, constructed and reconstructed by the State Highway Commission to the same extent and in the same manner as is done on roads and highways of like nature outside the corporate limits. And the costs of such activities shall be paid from the State Highway and Public Works fund."

While it is true that the General Assembly of North Carolina by act of 1959 Session Laws, Chap. 687, Sec. 5, repealed G.S. 136-41.1, the repealing act expressly did not apply to pending litigation, and the instant action was then pending, — the summons therein being dated 8 January 1959, and service thereof 9 January 1959, and trial in February 1960.

The appellee contends that this statute, G.S. 136-41.1, standing alone would be sufficient to sustain the nonsuit.

And, furthermore, G.S. 160-54 declares that: "The board of commissioners shall provide for keeping in proper repair the streets and bridges in the town, in the manner and to the extent they may deem best * * * ." And by Session Laws of 1949, Chap. 862, the General Assembly amended this statute, 160-54, by adding there: "Provided, however, so long as the maintenance of any street and/or bridges within the corporate limits of any town be taken over by the State

Highway and Public Works Commission, such town shall not be responsible for the maintenance thereof and shall not be liable for injuries to persons or property resulting from the failure to maintain such streets and bridges."

Thus the Town of Hertford calls attention to the specific language of non-liability on its part in respect to the falling of the elm tree in the stress of gusty winds.

The Town of Hertford, the appellee, points out that the case of *Pickett v. R. R.*, 200 N.C. 750, 158 S.E. 398, decided in 1931, is not authority against defendant on this appeal, for that the 1949 amendment to G.S. 160-54 was not then in force and effect.

Now, adverting to another applicable statute in support of appellee's position of non-liability, G.S. 136-93, in pertinent part it reads: " * * * No State road or State highway, other than streets not maintained by the State Highway Commission in cities and towns, shall be dug up for laying or placing pipes, conduits, sewers, wires, railways, or other objects, and no tree or shrub in or on any State road or State highway shall be planted, trimmed, or removed, and no obstruction placed thereon, without a written permit as hereinbefore provided for, and then only in accordance with the regulations of said Commission or its duly authorized officers or employees; and the work shall be under the supervision and to the satisfaction of the Commission or its officers or employees, and the entire expense of replacing the highway in as good condition as before shall be paid by the persons, firms, or corporations to whom the permit is given, or by whom the work is done."

Therefore, taking the evidence adduced upon the trial in Superior Court in the light most favorable to plaintiff, and giving to plaintiff the benefit of reasonable inferences to be drawn therefrom, the Court holds, applying the statutes, that plaintiff fails to make out a case, and the judgment of nonsuit below is

Affirmed.