MILNER HOTELS, INCORPORATED v. CITY OF RALEIGH, GATEWAY PLAZA, INCORPORATED, SEBY JONES AND ROBERT D. GORHAM.

(Filed 24 July, 1967.)

**1. Municipal Corporations § 15— Complaint held to state cause of action against city for negligence in maintaining drains.**

The complaint alleged that defendant municipality had adopted a natural stream as a part of its storm drainage system, and that the municipality was negligent in failing to keep the stream free of obstructions and debris and in causing large boulders to be placed in the stream, resulting in the overflow of the stream and damage to plaintiff's property. *Held:* The allegations were sufficient to state a cause of action against the municipality notwithstanding that it appeared from the complaint that some of the culverts were under streets constituting a part of the State highway system.

**2. Appeal and Error § 61—**

A petition to rehear is granted in this case to correct an inadvertence in the former opinion, but as modified the former opinion stands.

ON Rehearing.

This case was heard and decided at the Fall Term 1966. The opinion is to be found in 268 N.C. 535, 151 S.E. 2d 35.

The plaintiff alleged that as a result of a heavy rainstorm on 29 July 1965, its motel was flooded by the waters of Pigeon House Branch which ran through and over the plaintiff's property. Plaintiff sued the City of Raleigh and three others in connection with this damage. The City's demurrer was sustained, and the plaintiff appealed. The Court was of the opinion that the plaintiff had stated a cause of action against the City and reversed the action of the lower court. A petition to rehear was granted, and the matter has been further considered by the Court.

*Paul F. Smith and Donald L. Smith, Attorneys for the City of Raleigh.*

*Young, Moore, Henderson & Adams by J. Allen Adams, Attorneys for plaintiff.*

PLESS, J. The City demurred for that the complaint fails to state a cause of action against the City of Raleigh in that there are not sufficient allegations in the complaint to show that the City of Raleigh had any legal duty to perform any of the acts which the complaint alleges that the City failed to perform.

"On a demurrer we consider only the sufficiency of the allegations set forth in the complaint. For the purpose of the de-

murrer the allegations are taken to be true. A demurrer cannot be sustained to a complaint if in any portion or to any extent it presents a cause of action, or if sufficient facts can be fairly gathered therefrom." *Munro v. Rubber Company,* 198 N.C. 808, 153 S.E. 412.

"If the complaint be wholly insufficient to state a cause of action, objection should be raised by demurrer; but when only a portion of the pleading or certain paragraphs are insufficient for the purpose for which they are inserted, relief may properly be had by motion to strike the objectionable paragraphs. *Thalhimer v. Abrams,* 232 N.C. 96, 59 S.E. 2d 358." *Miller v. Bank,* 234 N.C. 309, 321, 67 S.E. 2d 362.

The complaint alleges that the City had utilized and adopted Pigeon House Branch as a part of its storm drainage system and sewer and that, having done so, it was *negligent:* in permitting obstructions and debris to accumulate in the stream which blocked it and impeded its natural flow; that it took no action to keep the culvert free and clean of obstructions and failed to maintain the channel; failed to take action to correct the dangerous condition, after numerous requests; caused large boulders to be placed in the stream, thus narrowing it and impeding its natural flow and allowed them to remain therein which caused the stream to overflow and damage plaintiff's property. It thus alleges the negligence of the City in *omitting* to fulfill its duties and also positive and affirmative acts of negligence.

The City relies upon the case of *Taylor v. Hertford,* 253 N.C. 541, 117 S.E. 2d 469, as authority for its lack of responsibility to the plaintiff and suggests that the Court overlooked the holdings of that case in the opinion. In that case, plaintiff's intestate was killed while driving his bread truck on Edenton Road Street in the Town of Hertford when an elm tree fell on the cab of the truck. In affirming the action of the lower Court in nonsuiting the plaintiff's case, the opinion stated: "In sustaining the motion to nonsuit, the court apparently relied on G.S. 136-41.1; G.S. 136-93 and G.S. 160-54 . . . defendant contends, and we hold rightly so, that these statutes clearly demonstrate that the authority and control over the tree referred to in this action was that of the State Highway Commission . . . the Court holds, applying the statutes, that plaintiff fails to make out a case." However, that case relates to the statutory responsibility of the Highway Commission rather than a municipality for what occurs with reference to a city street that is part of the State Highway system. It is relevant to what constitutes the City's obligation as distinguished from the Highway Commission's obliga-

tion under statutes then under consideration, and which no longer appear in the General Statutes according to the numbering existent when *Taylor v. Hertford, supra,* was decided.

The facts in the *Hertford* case and the allegations here are easily distinguishable. In the previous opinion we did not overlook or fail to consider the *Hertford* case. The failure to refer to it was because we could see no relationship to the *facts* there and the ones *alleged* here. The citations quoted in the original opinion sustain the ruling that these allegations are sufficient to withstand a demurrer.

The plaintiff alleges also that the City had entered into a contract with the State Highway Commission to maintain, inspect and repair the streets and culverts within the corporate limits of the city and undertook from time to time to perform the promised maintenance under its contract. The last paragraph of the original opinion is:

"The complaint brings this case within the above rule (referring to *Johnson v. Winston-Salem,* 239 N.C. 697, 81 S.E. 2d 153) when it alleges that the City 'entered into a contract and agreement with the State Highway Commission to maintain, inspect and repair the streets and culverts within the corporate limits of the City' * * * and 'undertook from time to time to perform the promised maintenance under its contract.' "

Upon further consideration of this paragraph, we are of the opinion that it should be withdrawn. G.S. 160-54, G.S. 136-66.1, and G.S. 136-93 indicate that the Highway Commission is under a statutory obligation with reference to the construction, maintenance and repair of all city streets, including culverts which support city streets, which constitute a part of the State Highway system. While the complaint alleges that the City had contracted with the Highway Commission to take over these responsibilities with regard to the place in question, we cannot interpret these statutes as authorizing a municipality to so contract in the absence of specific legislative authority.

Subject to the above withdrawal, we adhere to the original opinion and hold that the demurrer should have been overruled. The petition is denied.

Petition denied.