The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Roger L. Dillard. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's denial of benefits and enters the following Decision and Order.
* * * * * * * * * * * * * * *
In each of these cases, plaintiff has alleged negligence on behalf of employees of the North Carolina Department of Transportation resulting in personal injuries to plaintiff, Thomas Keith Gibson, and loss of consortium to plaintiff, Elizabeth B. Gibson. These cases were consolidated for hearing.
* * * * * * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On the date in question, 15 February 1989, plaintiffs Thomas Keith Gibson and Elizabeth Brookshire Gibson were husband and wife. As of the date this decision is filed, plaintiffs are no longer married.
2. Defendant, the North Carolina Department of Transportation, is an agency of the State of North Carolina.
3. Ms. Carol Lytle, Ms. Earlia Bernard, Mr. Bruce McGinnis and Mr. Ron Tipton were employees of the North Carolina Department of Transportation on the relevant dates in this matter.
4. The location of the accident in question was on SR 1135, a two lane highway which runs generally in an east and west direction in McDowell County. The immediate area around the site of the accident is heavily wooded on both sides of the road.
5. The weather conditions on 15 February 1989 at the time of the accident, approximately 6:19 a.m., were clear. At that time and on that date the sun had yet to rise and it was still dark.
6. At some time prior to 6:19 a.m. the morning of 15 February 1989 a large Virginia Pine tree had fallen across SR 1135. The tree which fell was approximately eighty (80) feet in length. It has been located on the property of Russell and Jeanette Hunsberger, but when it fell it crossed the right of way possessed by the state and lay suspended three to four feet above the roadway hanging on telephone lines which ran on the opposite side of the highway. In that position, the tree blocked both lanes of travel on SR 1135.
7. At approximately 6:19 on 15 February 1989 plaintiff Thomas Keith Gibson was driving his car in an easterly direction along SR 1135 when it collided with the tree which had previously fallen. After impact, plaintiff's car continued, sliding under the tree with its roof almost entirely sheared off. Plaintiff was driving in a reasonable and prudent manner and in accordance with all traffic laws in effect.
8. On the date of the accident Mr. Ronnie Davis was employed as an electrical line technician having worked for Duke Power since 1982. In connection with his employment, Mr. Davis had traveled along the section of SR 1135 in question on a regular basis prior to the date in question. Further, Mr. Davis had lived only 4 1/2 to 5 miles from the accident scene for at least seven (7) years. Mr. Davis estimated he traveled along the road in question as often as four to five times per week. Prior to 15 February 1989 he had observed trees which grew next to the section of SR 1135 in question leaning in the direction of the road. In fact, Mr. Davis was of the opinion that he had seen the tree which actually fell leaning towards SR 1135.
9. Ms. Doreen Smith works as a school bus driver in McDowell County and drives on the relevant section of SR 1135 on a frequent basis. She had observed leaning trees along SR 1135 for as much as six (6) months prior to the date of the accident. Ms. Smith reported her concerns regarding the leaning trees to the school bus garage. These reports were then referred onto the transportation director for McDowell County and the local office of the North Carolina Department of Transportation.
11. The Full Commission finds that the risk of falling trees along the section of SR 1135 in question constituted a potential and unreasonable hazard to persons traveling on that road.
12. The Full Commission finds that defendant had actual and/or constructive notice of the high likelihood of trees falling onto SR 1135 and the risk of harm to travelers on that road. In their positions with defendant, Ms. Carol Lytle and Ms. Earlia Bernard generally received reports of hazardous conditions on the roadways and referred them to appropriate Department of Transportation personnel. Additionally, two Department of Transportation employees, Bruce McGinnis and Ron Tipton drive along the section of SR 1135 in question on a frequent and regular basis, both living in the immediate vicinity.
13. The Full Commission finds that defendant was negligent in having knowledge of the high likelihood of a potentially dangerous condition on the state maintained roadway and failing to take corrective action to eliminate the dangerous condition or warn travelers of the hazardous condition of the roadway.
14. The Full Commission finds the collision between the car driven by plaintiff Thomas Keith Gibson and the tree which fell across SR 1135 was a direct and proximate result of defendant's negligence.
15. As the result of defendant's negligence and the incident on 15 February 1989, Mr. Gibson sustained severe and permanent injuries. Nearly every bone in his skull was broken. Plaintiff has lost total vision in one eye and lives now with only partial vision in the other. Mr. Gibson will continue to incur medial expenses and has already incurred an amount exceeding $100,000.00.
16. As the result of defendant's negligence, since the date of the accident Mr. Gibson has lived with severe pain and suffering and will continue to live with pain throughout his life.
17. As the result of defendant's negligence, Mr. Gibson's memory has been damaged such that he is unable to do the skilled computer and electronic maintenance work he performed prior to the date of the accident. Mr. Gibson has been unable to work in a full time position since the date of the accident and will continue to incur lost wages and diminished future earnings capacity.
18. As the result of defendant's negligence, plaintiff Elizabeth Brookshire Gibson sustained damage with the loss of consortium of her husband, Thomas Keith Gibson, including loss of support, services and companionship, during the period of time the two remained married after 15 February 1989.
* * * * * * * * * * * * *
Based upon the findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Defendant, the North Carolina Department of Transportation, was under a duty to inspect and maintain SR 1135 to protect against any unreasonable risk of harm to travelers along that roadway.Taylor v. Town of Hertford, 253 N.C. 541, 117 S.E.2d 469
(1960); Phillips v. North Carolina Department ofTransportation, 80 N.C. App. 135, 341 S.E.2d 339 (1986).
2. Defendant had actual and/or constructive notice of a potentially dangerous condition along a state maintained and controlled highway and was negligent in failing to take corrective action against the risk faced by travelers along the roadway. Id. The fact that the fallen tree in question had grown on private property prior to it falling through the state right of way and across SR 1135 will not preclude a conclusion that defendant is liable in this action. See Restatement (Second) of Torts, § 363, Comment c.
3. As the result of defendant's negligence, plaintiff Thomas Keith Gibson has sustained permanent physical injuries, lost wages and diminished future earnings capacity, as well as endured continuing pain and suffering for which he is entitled to an amount equal to $100,000.00, to be paid by defendant, as compensation for the damages he sustained. G.S. § 143-291 et seq.
4. As the result of defendant's negligence, plaintiff Elizabeth Brookshire Gibson sustained the loss of consortium of her husband, Thomas Keith Gibson, including the loss of support, services and companionship, during the period the two remained married after 15 February 1989. For the damages she sustained, plaintiff Elizabeth Brookshire Gibson is entitled to be paid by defendant an amount equal to $5,000.00 as compensation for her loss. G.S. § 143-291 et seq.
G.S. § 143-299.2 (prior to the 1 October 1994 increase) states that the maximum amount which the state may pay "to all claimants on account of injury and damage to any one person" is $100,000.00. The Full Commission concludes that plaintiff Elizabeth Brookshire Gibson's injuries and damages are separate and distinct from that of plaintiff Thomas Keith Gibson. Therefore, there are two claims for which the maximum amount could have been awarded for this single incident.
* * * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
ORDER
1. Defendant shall pay to plaintiff Thomas Keith Gibson an amount equal to $100,000.00 as compensation for his claim for damages he sustained as the result of its negligence in this matter.
2. Defendant shall pay to plaintiff Elizabeth Brookshire Gibson an amount equal to $5,000.00 for her claim for damages she sustained as the result of its negligence in this matter.
3. Defendant shall pay the costs of this action, including all fees for depositions not previously paid.
 S/ ________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ____________ BERNADINE S. BALLANCE COMMISSIONER
S/ ____________ COY M. VANCE COMMISSIONER