KIZER v. CITY OF RALEIGH

[121 N.C. App. 526 (1996)]

———————————

KAREN KIZER, Plaintiff v. CITY OF RALEIGH, Defendant

No. COA95-148

(Filed 6 February 1996)

**Municipal Corporations § 422 (NCI4th)— storm drain maintenance—liability of city-governmental immunity not applicable**

The North Carolina Supreme Court has previously held cities and towns liable for negligent storm drain maintenance, and storm drain maintenance does not enjoy governmental immunity.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 364-366, 376-378, 424-427.**

**Damage resulting from obstruction or clogging of drains or sewers. 59 ALR2d 281.**

**Municipality's liability arising from negligence or other wrongful act in carrying out construction or repair of sewers and drains. 61 ALR2d 874.**

Appeal by defendant from order entered 26 September 1994 by Judge Robert Hobgood in Wake County Superior Court. Heard in the Court of Appeals 27 October 1995.

*Rosenthal & Putterman, by Charles M. Putterman, for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by William W. Pollock, for defendant-appellant.*

LEWIS, Judge.

Defendant appeals the trial court's denial of its motion for summary judgment in plaintiff's negligence action. Because we decide that the City does not enjoy governmental immunity for negligent maintenance of storm drains and pipes, we affirm.

Plaintiff filed this action against the City of Raleigh (the City) seeking damages for flooding on her property due to negligent storm drain maintenance. The City has a drainage easement across plaintiff's property, which contains a storm drain and pipe. In April of 1989 plaintiff notified the City that the storm drain was clogged and the street was flooded. Throughout the spring and summer of 1989, the City repeatedly endeavored to clean out the storm drain using shovels. In the fall of 1989 the City attempted to clear the drain using a high pressure hose, but was unsuccessful. The maintenance crew's supervisor told plaintiff that the hose should not be used again because it could cause damage. However, in January, 1990 a crew returned with the high pressure system. The use of the system caused a pipe on plaintiff's property to burst flooding her yard and damaging her property. City officials informed plaintiff that the City was not responsible for the repair of the pipe since the rupture was on her property.

Plaintiff sued the City in Wake County Superior Court for negligence. The City moved for summary judgment on the basis of governmental immunity. This motion was denied and defendant appeals.

Because the ground for defendant's motion for summary judgment was governmental immunity, the denial is immediately appealable. *Taylor v. Ashburn*, 112 N.C. App. 604, 606, 436 S.E.2d 276, 278 (1993), *cert. denied*, 336 N.C. 77, 445 S.E.2d 46 (1994). Governmental immunity prevents municipal corporations from being sued when they act in a governmental capacity, but does not apply to actions which are proprietary. *Rich v. City of Goldsboro*, 282 N.C. 383, 385, 192 S.E.2d 824, 826 (1972).

Our Supreme Court has held cities and towns liable for negligent storm drain maintenance on several occasions. *See Hotels, Inc. v.*

*Raleigh*, 268 N.C. 535, 151 S.E.2d 35 (1966), *modified on reh'g*, 271 N.C. 224, 155 S.E.2d 548 (1967); *Gore v. Wilmington*, 194 N.C. 450, 140 S.E. 71 (1927); *Pennington v. Tarboro*, 184 N.C. 71, 113 S.E. 566 (1922); Williams v. Greenville, 130 N.C. 93, 40 S.E. 977 (1902). In one case, the Court explained:

> "The duty of maintaining sewers and drains in good repair includes the obligation to keep them free of obstruction, and a municipality is liable for negligence in its exercise to any person injured by such negligence, whether the damages result from its failure to use reasonable diligence to keep its sewers and drains from becoming clogged. . . ."

*Hotels*, 268 N.C. at 537, 151 S.E.2d at 37 (quoting 38 Am. Jur. 637).

Defendant relies on *Roach v. City of Lenoir*, 44 N.C. App. 608, 261 S.E.2d 299 (1980), for its proposition that storm drain maintenance is a governmental function. In *Roach,* this Court held that sewer maintenance, not storm drain maintenance, is a governmental function deserving of governmental immunity. However, without mentioning *Roach* this Court has also come to the opposite conclusion in another sewer maintenance action. *See Pulliam v. City of Greensboro*, 103 N.C. App. 748, 407 S.E.2d 567, *disc. review denied*, 330 N.C. 197, 412 S.E.2d 59 (1991).

We see no need to consider the conflict between the prior holdings of this Court in sewer maintenance cases. Our facts do not deal with a sewer system and prior Supreme Court decisions find municipal liability in storm drain maintenance cases. Based on this precedent, we hold that storm drain maintenance does not enjoy governmental immunity. We affirm the trial court's denial of defendant's motion for summary judgment based on governmental immunity.

Affirmed.

Judges JOHN and SMITH concur.