NELLIE A. BIGGERS, Plaintiff v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, JOHN HANCOCK PROPERTIES, INC., and CITY OF CHARLOTTE (a municipal corporation), Defendants

No. COA96-1260

(Filed 5 August 1997)

## 1. Appeal and Error § 122 (NCI4th)— flooding—multiple defendants—summary judgment against one—appealable

A summary judgment in favor of one of several defendants in an action arising from the flooding of plaintiff's property was appealable where the plaintiff had alleged that the flooding was the direct and proximate result of the joint acts of negligence of all the defendants. Plaintiff had a substantial right to have the liability of all defendants determined in the same trial in order to avoid the possibility of inconsistent verdicts. N.C.G.S. § 1-277, 7A-27(d).

2. **Municipal Corporations § 421 (NCI4th)— negligent clearing of stormwater drains—governmental immunity—private water drains**

The trial court did not err in granting summary judgment in favor of defendant-city based on the doctrine of governmental immunity where plaintiff alleged that the City negligently unclogged private storm water drains. While cities and towns have been held liable for negligent storm drain maintenance, *Pulliam v. City of Greensboro*, 103 N.C. App. 748, implies that it must first be determined whether the city either owned or operated the drainage system.

Appeal by plaintiff from judgment entered 22 July 1996 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 1 May 1997.

*Bailey, Patterson, Caddell, Hart & Bailey, P.A., by David C. Cordes, for plaintiff-appellant.*

*Baucom, Claytor, Benton, Morgan, Wood & White, P.A., by Rex C. Morgan, and R. Cartwright Carmichael, for defendant City of Charlotte.*

WYNN, Judge.

Plaintiff Nellie Biggers sued defendants John Hancock Mutual Life Insurance Company and John Hancock Properties, Inc. (hereinafter "John Hancock") and defendant City of Charlotte for flood damages to her home caused by the sudden overflowing of the creek behind her property on 16 June 1992. She alleged that John Hancock negligently permitted debris to clog storm water drains located throughout the parking area of its apartment complex, causing substantial amounts of water to back up and flood the parking area. As to the City of Charlotte, she alleged that in response to a request by John Hancock to provide assistance in unclogging the storm waters drains, the City's fire department negligently released the water into the already over-burdened creek causing it to flood her neighborhood which was downstream from the apartment complex.

Following a pretrial hearing, the trial court granted summary judgment in favor of the City of Charlotte. Ms. Biggers appealed to this Court.

**[1]** As a preliminary matter, we note that the entry of summary judgment for fewer than all the defendants is not a final judgment and may not be appealed in the absence of certification pursuant to Rule 54(b) unless the entry of summary judgment affects a substantial right. N.C. Gen. Stat. § 1-277, 7A-27(d). Since Ms. Biggers' alleges that the flooding of her property was the direct and proximate result of the joint acts of negligence of all the defendants, we find that she has a substantial right to have the liability of John Hancock and the City of Charlotte determined in the same trial in order to avoid the possibility of inconsistent verdicts. *See Baker v. Rushing,* 104 N.C. App. 240, 409 S.E.2d 108 (1991).

**[2]** The determinative issue on appeal is whether the City of Charlotte is immune from Ms. Biggers' claim of negligence. Under the doctrine of governmental immunity,

> [A] municipality is not liable for the torts of its officers and employees if the torts are committed while they are performing a governmental function. *Herndon v. Barrett,* 101 N.C. App. 636, 640, 400 S.E.2d 767, 769 (1991); *Wiggins v. City of Monroe,* 73 N.C. App. 44, 49, 326 S.E.2d 39, 43 (1985), which includes the organization and operation of a fire department. *Great American Ins. Co. v. Johnson,* 257 N.C. 367, 370, 126 S.E.2d 92, 94 (1962).

*Taylor v. Ashburn,* 112 N.C. App. 604, 607, 436 S.E.2d 276, 278 (1993), *cert. denied,* 336 N.C. 77, 445 S.E.2d 46 (1994).

Ms. Biggers maintains that the City of Charlotte does not enjoy governmental immunity because the maintenance of storm drains is a proprietary function and as a result, the courts have held cities and towns liable for negligent storm drain maintenance. *See generally Kizer v. City of Raleigh,* 121 N.C. App. 526, 466 S.E.2d 336 (1996) (Governmental immunity prevents municipal corporations from being sued when they act in a governmental capacity, but does not apply to actions which are proprietary.).

In *Pulliam v. City of Greensboro,* 103 N.C. App. 748, 407 S.E.2d 567 (1991), Judge Wells analyzed the basis for determining whether a municipal function is proprietary and subject to tort liability versus functions which are governmental, in which case the municipality would enjoy immunity from negligent liability. In *Pulliam,* we concluded that the municipality was "not immune from tort liability in the operation of *its* sewer system." *Id.* at 754. (emphasis supplied).

Thus, prior to considering whether the City of Charlotte's acts in unclogging the subject drainage system constituted a proprietary or governmental function, *Pulliam* implies that it must first be determined whether the city either owned or operated the drainage system. *See also Milner Hotels, Inc. v. City of Raleigh*, 268 N.C. 535, 151 S.E.2d 35 (1966), *modified on reh'g*, 271 N.C. 224, 155 S.E.2d 543 (1967) (a municipality is responsible for negligent maintenance of drains constructed by third persons only if it adopted them as part of its drainage system or assumed control and management thereof).

In the instant case, Ms. Biggers does not allege that the City of Charlotte negligently failed to maintain *its* own drainage system; rather, she asserts that it negligently unclogged *private* storm water drains in response to John Hancock's request for assistance. We find this distinction determinative and therefore hold that the City of Charlotte's actions in unclogging a privately owned storm drain were not proprietary. The trial court properly found that Ms. Biggers' action against the City of Charlotte was barred by the doctrine of sovereign immunity. Accordingly, the order granting summary judgment for the City of Charlotte is,

Affirmed.

Judges GREENE and TIMMONS-GOODSON concur.