JESSE JENNINGS, III & LINDA G. KING as Personal Representatives of the ESTATE OF JESSE MARQUIL KING, DECEASED, Plaintiffs v. THE CITY OF FAYETTEVILLE, NORTH CAROLINA, A Body Politic and Municipal Corporation, Defendant

No. COA09-92

(Filed 4 August 2009)

**1. Appeal and Error— appealability—interlocutory order— immunity—substantial right**

Although the appeal from an order denying a motion for summary judgment is from an interlocutory order, claims of immunity affect a substantial right and are immediately appealable.

**2. Cities and Towns; Immunity— municipality's liability for negligence in storm drain maintenance**

The trial court did not err in a wrongful death case arising out of defendant city's negligence in maintaining a storm drain system by denying defendant city's motion for summary judgment based on governmental immunity because: (1) our Supreme Court has stated that a municipality may be held liable for negligence in storm drain maintenance; and (2) although defendant urges the Court of Appeals to reconsider the issue of municipality liability for storm drain maintenance in light of the State's passage of storm water regulations in response to the federal Clean Water Act, another panel of the Court of Appeals has already decided this issue in *Kizer*, 121 N.C. App. 526 (1996), and a subsequent panel is bound by that precedent since it has not been overturned by a higher court.

Appeal by defendant from judgment entered 13 October 2008 by Judge Robert F. Floyd, Jr., in Cumberland County Superior Court. Heard in the Court of Appeals 11 June 2009.

*Mitchell Brewer Richardson, by Ronnie M. Mitchell and Coy E. Brewer, Jr., for plaintiff.*

*Lewis, Deese & Nance, LLP, by James R. Nance, Jr., and Karen M. McDonald, for defendant.*

ELMORE, Judge.

This case concerns whether the City of Fayetteville (defendant) can face liability arising from its operation of a storm drain system.

In 2005, Jesse Marquil King (decedent) drowned when he was caught in a heavy rainstorm and swept into an open ditch that was under the jurisdiction of defendant. The personal representatives of decedent's estate (plaintiffs) filed suit against defendant in Cumberland County. The trial court denied defendant's motion requesting governmental immunity from liability resulting from the operation of a storm drain system. Defendant filed an interlocutory appeal to this Court. We affirm the trial court's order.

## FACTS

On 15 August 2005, decedent, aged seventeen years, was caught in a heavy rainstorm on Spruce Street in Fayetteville. Water flooded a ditch and spread across the paved roadway. Decedent left the roadway and entered private property, presumably to try to get around the water, where he apparently slipped and fell into the ditch. He was pulled underwater and drowned when he became stuck in a drainage pipe that had been clogged with a tree branch.

Plaintiffs filed suit on 7 August 2007, seeking damages for wrongful death as a result of defendant's negligence in maintaining the storm drain system. Defendant alleged, *inter alia*, that it was protected by governmental immunity because the operation of a storm drain system is a governmental activity for which it had not waived immunity. On 29 September 2008, the trial court denied defendant's motion for summary judgment on the basis of governmental immunity. Defendant appealed the ruling to this Court. For the reasons stated below, we affirm the trial court's order.

## ARGUMENT

Defendant argues that the trial court erred by denying the motion for summary judgment on the issue of defendant's governmental immunity. We disagree.

[1] An appeal from an order denying a motion for summary judgment is interlocutory because the order "does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). Interlocutory appeals are immediately appealable only when they affect a substantial right of the parties. N.C. Gen. Stat. § 1-277(a) (2007). Claims of immunity affect a substantial right, and, therefore, are immediately appealable. *Summey v. Barker*, 142 N.C. App. 688, 689, 544 S.E.2d 262, 264 (2001).

**[2]** We review a trial court's rulings on summary judgment *de novo*. *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007). Summary judgment can be properly granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56 (c) (2007).

"[M]unicipalities in North Carolina are immune from liability for their negligent acts arising out of governmental activities unless the municipality waives such immunity by purchasing liability insurance." *Anderson v. Town of Andrews*, 127 N.C. App. 599, 600, 492 S.E.2d 385, 386 (1997). However, municipalities do not enjoy immunity for their non-governmental actions. *Evans v. Housing Auth. of City of Raleigh*, 359 N.C. 50, 53, 602 S.E.2d 668, 670 (2004).

Defendant maintains that its operation of a storm drain system is a governmental activity, and, therefore, defendant should not face liability except for amounts covered by any insurance it has purchased. However, our Supreme Court has stated that a municipality may be held liable for negligence in storm drain maintenance. *Milner Hotels, Inc. v. Raleigh*, 268 N.C. 535, 537, 151 S.E.2d 35, 37 (1966), *modified on reh'g*, 271 N.C. 224, 155 S.E.2d 543 (1967) ("The duty of maintaining sewers and drains in good repair includes the obligation to keep them free of obstruction, and a municipality is liable for negligence in its exercise to any person injured by such negligence."); *Gore v. City of Wilmington*, 194 N.C. 450, 458, 140 S.E. 71, 75 (1927) ("Under the general power to grade and improve streets or construct public improvements beneficial to it, [a city] cannot deprive others of their legal rights in respect of the watercourse or injure the property of others by badly constructed and insufficient culverts or passageways obstructing the free flow of the water without being liable therefor."). Since *Milner*, this Court has considered the issue, with conflicting results. *See Kizer v. City of Sanford*, 121 N.C. App. 526, 528, 466 S.E.2d 336, 338 (1996) ("[S]torm drain maintenance does not enjoy governmental immunity."); *but see Stone v. City of Fayetteville*, 3 N.C. App. 261, 264, 164 S.E.2d 542, 545 (1968) ("[W]hile our Supreme Court recognizes the right of recovery against a municipal corporation for property damage on the theory that one whose property is appropriated for public purposes is entitled to just compensation therefor, it recognizes immunity of a municipal corporation from liability for personal injury or death arising from the maintenance of a ditch used for drainage and sewerage.").

Defendant urges this Court to reconsider the issue of municipality liability for storm drain maintenance in light of this State's passage of storm water regulations in response to the federal Clean Water Act. *See* N.C. Gen. Stat. § 143-214.7(c) (2007) ("The [North Carolina Environmental Management] Commission shall develop model storm water management programs that may be implemented by State agencies and units of local government. Model storm water management programs shall be developed to protect existing water uses and assure compliance with water quality standards and classifications."). Defendant argues that storm drain maintenance should be considered a governmental activity because defendant is performing a duty on behalf of the State pursuant to this legislation. However, in *Kizer*, the sole case on point heard by either this Court or our Supreme Court since the Act's passage, this Court held that "storm drain maintenance does not enjoy governmental immunity" and affirmed the trial court's denial of a municipal defendant's motion for summary judgment based on governmental immunity. *Kizer*, 121 N.C. App. at 528, 466 S.E.2d at 338. As in *Kizer*, the present case deals with a storm drain system where the municipality tried to claim governmental immunity during a time when the Clean Water Act was in effect.

"Where one panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). In the present case, our Supreme Court has not overturned or modified this Court's holding in *Kizer*, and we are bound by its holding that municipalities do not enjoy governmental immunity from liability resulting from their operation of storm drain systems.

For the reasons stated above, defendant's argument is overruled, and we affirm the trial court's order denying summary judgment to defendants on the matter of governmental immunity.

Affirmed.

Judges BRYANT and CALABRIA concur.