DAVID M. LYNN AND WIFE, LORNA L. LYNN, PLAINTIFFS v. OVERLOOK DEVELOPMENT, A JOINT VENTURE; ROGER L. JONES AND WIFE, MYRA E. JONES; MARSHALL N. KANNER; CITY OF ASHEVILLE, A MUNICIPAL CORPORATION; J. R. SMITH; MARK RUMFELT; WIND-IN-THE-OAKS HOMEOWNERS ASSOCIATION, INC., A NORTH CAROLINA CORPORATION; JOE C. SWICEGOOD, SR. AND WIFE, DOROTHY C. SWICEGOOD; GARLAND L. NORTON; JOE P. EBLEN AND WIFE, ROBERTA S. EBLEN; BEN KAN-NER AND WIFE, SYLVIA KANNER; GARY PHILLIPS AND WIFE, DEBBIE PHILLIPS; DEAN J. SCHRANZ AND WIFE, MARGIE SCHRANZ; REBECCA M. PRESSLEY; MICHAEL D. BRANDSON AND STEVIE A. SALIDO; JOSEPH CARR SWICEGOOD, JR.; J. DEAN DEWEESE, JR.; B. PAUL GOODMAN; KEITH J. DUNN; DEBRA M. LEATHERWOOD; BENJAMIN BIBER AND WIFE, ENGLISH W. BIBER; ROBERTA HORVATH; ROBERT C. NEWTON, JR.; ROBERT M. SMITH AND WIFE, SANDY SMITH; PAUL E. GILSDORF AND WIFE, LAURA L. GILSDORF; PAUL A. ROBICHAUD; TERRENCE W. BURT; SOUTHEASTERN SAVINGS AND LOAN COMPANY, A NORTH CAROLINA CORPORATION; DAVID E. MATNEY, III, TRUSTEE; KEN-NETH M. MICHALOVE, WILHELMINA B. BRATTON, MARY LLOYD FRANK, RUSSELL M. MARTIN, NORMA T. PRICE AND ROBERT YORK, MEMBERS OF THE ASHEVILLE CITY COUNCIL IN THEIR OFFICIAL CAPACITIES; AND W. LOUIS BISSETTE, JR., MAYOR OF THE CITY OF ASHEVILLE IN HIS OFFICIAL CAPACITY, DEFENDANTS

No. 8928SC732

(Filed 3 April 1990)

1. **Municipal Corporations § 10 (NCI3d) — building inspector — negligence claim — claim dismissed**

    The trial court properly granted defendant building inspector's motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) of a negligence claim for compensatory damages against him in his official capacity where the duty of the City of Asheville and its building inspectors in issuing a building permit, observing code violations, and taking remedial measures was owed to the general public rather than to plaintiffs individually.

    **Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 39, 78, 221, 222.**

2. **Municipal Corporations § 12.3 (NCI3d) — conduct of building inspector — liability of City — waiver of immunity**

    The trial court erred by granting a motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) by the City of Asheville on a claim for compensatory damages arising from a building inspector's alleged willful and wanton conduct where, although

plaintiffs did not allege the specific provisions of the City's liability policy, plaintiffs' allegations that the policy was in force and indemnifies the City under these circumstances were taken as true. The trial court did not err by dismissing plaintiffs' claim against the City based on the inspector's negligence.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 39, 78, 221, 222.**

APPEAL by plaintiffs from order entered 10 May 1989 in BUNCOMBE County Superior Court by *Charles C. Lamm, Judge.* Heard in the Court of Appeals 6 February 1990.

This action arises out of a purchase contract for a new condominium unit which plaintiffs entered into with Overlook Development (not a party to this appeal) in January 1985. Construction of the unit was completed in August 1985, and plaintiffs immediately assumed occupancy. Sometime thereafter, plaintiffs discovered numerous defects in the construction of their unit. These defects were the subject of a later condemnation proceeding brought by the City of Asheville against plaintiffs in December 1988, resulting in a determination that plaintiffs' unit was unfit for human habitation.

On 6 March 1989, plaintiffs filed their complaint, enumerating eleven causes of action, seeking relief against numerous defendants on a variety of theories of recovery. Pertinent to this appeal, plaintiffs sought compensatory and punitive damages against defendants City of Asheville and city building inspector J.R. Smith, in both his official and individual capacities, for Smith's alleged acts and omissions pertaining to the inspection of plaintiffs' unit. Plaintiffs also sought relief against the Mayor and City Council of the City of Asheville in the form of a mandatory injunction requiring these defendants to either take action to enforce State and local laws pertaining to construction or turn such enforcement over to the State.

Prior to answering, the foregoing defendants interposed motions under N.C. R. Civ. P., Rule 12(b)(6), to dismiss plaintiffs' claims. Following a hearing on these motions, the trial court entered its order, dismissing all claims against these defendants save those against J.R. Smith, in his individual capacity, for compensatory and punitive damages arising out of Smith's alleged willful and wanton conduct. From this order, plaintiffs appeal.

*Charles R. Brewer for plaintiffs-appellants.*

*Womble, Carlyle, Sandridge & Rice, by Tyrus V. Dahl, Jr. and Ellen M. Gregg, for defendants-appellees.*

WELLS, Judge.

We note at the outset that plaintiffs have abandoned their challenge to that portion of the trial court's order allowing defendants' Rule 12(b)(6) motion to dismiss plaintiffs' claims for punitive damages against the City of Asheville and J.R. Smith in his official capacity. We further note that plaintiffs, beyond a bare restatement of their assignment of error, did not present argument in the brief in support of their challenge to the trial court's dismissal of their claim for injunctive relief against the Mayor and City Council of Asheville. This challenge is therefore deemed to be waived. N.C. R. App. P., Rule 28.

Two principal issues remain to be determined, namely, whether the trial court erred in allowing defendants' Rule 12(b)(6) motion to dismiss plaintiffs' claims for compensatory damages against defendant J.R. Smith, in his official capacity, based on allegations of negligence and whether the trial court erred in allowing defendants' Rule 12(b)(6) motion to dismiss plaintiffs' claims for compensatory damages against the City of Asheville, his employer.

A motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure presents the question, "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Harris v. NCNB*, 85 N.C. App. 669, 355 S.E.2d 838 (1987). In resolving this question, the complaint must be liberally construed, and the court should not dismiss the complaint "unless it appears beyond doubt that [the] plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Dixon v. Stuart*, 85 N.C. App. 338, 354 S.E.2d 757 (1987). With these standards in mind, we proceed to an examination of plaintiffs' claims against each defendant.

### Plaintiffs' Claim Against J.R. Smith

[1] Plaintiffs' prayer for relief in the form of compensatory damages against inspector Smith, in his official capacity, is grounded on the allegations contained in that portion of the complaint denominated

as the sixth cause of action. There, plaintiffs allege that inspector Smith was negligent under the standards set forth at N.C. Gen. Stat. §§ 160A-411, *et seq.*, and N.C. Building Code § 105 in that he improperly issued a building permit to Overlook Development (which held no general contractor's license), failed to observe code violations in the construction of plaintiffs' unit, or alternatively, having observed such violations, failed to take appropriate remedial measures, including notifying plaintiffs and revoking the building permit. Plaintiffs contend that these allegations are sufficient to withstand defendants' 12(b)(6) motion. We disagree.

It is fundamental that actionable negligence is predicated on the existence of a legal duty owed by the defendant to the plaintiff. *Martin v. Mondie*, 94 N.C. App. 750, 381 S.E.2d 481 (1989) (and cases cited therein). In affording protection to the public pursuant to its statutory police powers, a municipality "ordinarily acts for the benefit of the public at large and not for a specific individual." *Id.* (*quoting Coleman v. Cooper*, 89 N.C. App. 188, 366 S.E.2d 2, *disc. rev. denied*, 322 N.C. 834, 371 S.E.2d 275 (1988)). Because the duty in such circumstances flows from the municipality to the public at large, no liability attaches to a municipality for its failure to carry out its statutory duty toward a specific individual. *Id.*

In the present case, it is undeniable that the referenced statutes and code provisions impose a duty on the part of the City of Asheville and its building inspectors to properly carry out the enumerated enforcement powers. It is equally undeniable, however, that such powers fall within the City's statutory police powers, and consequently, the duty owed in this case is not to the plaintiffs, individually, but to the general public. There being no duty owed to plaintiffs, their allegations charging inspector Smith with negligence clearly do not state a claim upon which relief can be granted. The trial court therefore did not err in allowing defendants' 12(b)(6) motion with respect to this theory of recovery.

### Plaintiffs' Claims Against the City of Asheville

[2] Plaintiffs also seek recovery of compensatory damages against the City based on the allegations in the sixth cause of action of their complaint. Two discernible theories of recovery are alleged. First, plaintiffs allege that the City, as inspector Smith's employer, is liable for Smith's negligence. Second, plaintiffs allege that the City is liable in that inspector Smith corruptly permitted serious violations of the building code, corruptly omitted to take remedial

LYNN v. OVERLOOK DEVELOPMENT

[98 N.C. App. 75 (1990)]

action, and wrongfully concealed his corrupt acts and omissions.[1] Plaintiffs further allege that defendant City was insured for its potential liability on plaintiffs' claims and therefore waived its immunity to the extent of such insurance.

In those circumstances where a duty is owed, a city is nevertheless generally immune under the common law from civil liability in tort; but it may waive such immunity by purchasing liability insurance, and this waiver is effective "to the extent that the city is indemnified by the insurance contract[.]" N.C. Gen. Stat. § 160A-485(a). Where such a waiver has been effected, a city may be held liable for acts of a city building inspector that are corrupt, malicious, or outside the scope of his duties. *Wiggins v. City of Monroe*, 73 N.C. App. 44, 326 S.E.2d 39 (1985) (and cases cited therein). A waiver of governmental immunity, however, does not give rise to a cause of action where none previously existed. *Coleman v. Cooper*, 89 N.C. App. 188, 366 S.E.2d 2, *disc. rev. denied*, 322 N.C. 834, 371 S.E.2d 275 (1988).

Plaintiffs did not allege the specific provisions of the City's liability insurance policy; consequently, we cannot determine whether the policy, in fact, indemnifies the City for the torts alleged to have been committed by inspector Smith in the claims against him which were not dismissed. This omission, however, is not fatal at this stage of the proceedings. For purposes of reviewing the sufficiency of plaintiffs' complaint under Rule 12(b)(6), we must take as true their allegations that the policy is in force and indemnifies the City under these circumstances. These allegations are therefore sufficient to establish the City's waiver of immunity within the limited context of Rule 12(b)(6).

Such a waiver clearly does not entitle plaintiffs to proceed against the City by predicating recovery on those claims against defendant Smith that were properly dismissed. Therefore, the trial court did not err in allowing defendants' 12(b)(6) motion with respect to plaintiffs' claim against the City predicated on inspector Smith's negligence.

---

1. We note that the trial court denied defendants' motion to dismiss plaintiffs' claims against Smith, in his individual capacity, for Smith's alleged willful and wanton conduct. We further note that the trial court did not address in its order defendants' motion to dismiss as directed to plaintiffs' claims against Smith, in his official capacity, for Smith's alleged willful and wanton conduct. These claims against inspector Smith therefore remain alive.

However, plaintiffs' allegations of the City's waiver of immunity, coupled with their allegations of inspector Smith's willful and wanton conduct in the surviving claims against him, clearly state a cognizable claim against the City under *Wiggins*. We therefore conclude that the trial court erred in dismissing plaintiffs' complaint against the City with respect to this theory of recovery.

### Conclusion

In summary, we reverse the trial court's dismissal of plaintiffs' claim for compensatory damages against the City of Asheville predicated on allegations of inspector Smith's willful and wanton conduct. In all other respects, the trial court's order is affirmed.

Affirmed in part, reversed in part.

Judges COZORT and LEWIS concur.