SUSAN ROSE MORRISON-TIFFIN, AND CHARLES MARK TIFFIN, PLAINTIFFS V. TREVOR HAMPTON, IN HIS PERSONAL AND OFFICIAL CAPACITY AS CHIEF, CITY OF DURHAM POLICE DEPARTMENT; WILEY DAVIS, IN HIS PERSONAL AND OFFICIAL CAPACITY AS CAREER DEVELOPMENT MANAGER OF THE DURHAM POLICE DEPARTMENT; ORVILLE POWELL, IN HIS PERSONAL AND OFFICIAL CAPACITY AS DURHAM CITY MANAGER; JACKIE McNEIL, IN HIS PERSONAL AND OFFICIAL CAPACITY AS POLICE CHIEF OF THE CITY OF DURHAM POLICE DEPARTMENT; UNKNOWN CITY OF DURHAM EMPLOYEES IN THEIR PERSONAL AND OFFICIAL CAPACITIES; AND THE CITY OF DURHAM INC.

No. 9414SC12

(Filed 3 January 1995)

1. **Limitations, Repose, and Laches §§ 19, 92 (NCI4th)— civil rights action—intentional infliction of emotional distress—three-year statute of limitations applicable**

   The three-year statute of limitations applied in plaintiff police officer's action for violation of her civil rights under 42 U.S.C. § 1983 and for intentional infliction of emotional distress based on incidents of alleged sexual harassment and discrimination occurring at work. Therefore, events occurring more than three years before the complaint was filed could not form the basis of plaintiff's claims.

   **Am Jur 2d, Limitation of Actions §§ 61 et seq.**

   **What statute of limitations is applicable to civil rights action brought under 42 USCS § 1983. 45 ALR Fed. 548.**

MORRISON-TIFFIN v. HAMPTON

[117 N.C. App. 494 (1995)]

2. **Constitutional Law § 86 (NCI4th)— civil rights claim— equal protection—failure to promote plaintiff—insufficient evidence**

   A female police officer failed to make a showing of discriminatory intent necessary to overcome a qualified immunity defense in her 42 U.S.C. § 1983 action against a city and police department personnel based upon equal protection where she failed to present any specific evidence, either direct or circumstantial, that defendants' failure to promote or transfer her was motivated by an improper desire to discriminate against her because of her gender.

   **Am Jur 2d, Civil Rights §§ 3, 4.**

   **Sex discrimination in law enforcement and corrections employment. 53 ALR Fed. 31.**

   **Supreme Court's views as to application or applicability of doctrine of qualified immunity in action under 42 USCS § 1983, or in *Bivens* action, seeking damages for alleged civil rights violations. 116 L. Ed. 2d 965.**

3. **Constitutional Law § 86 (NCI4th)— civil rights action— support of wife—gender discrimination—insufficient evidence**

   A male police officer could not recover under 42 U.S.C. § 1983 for an alleged violation of his equal protection rights based upon allegations that he was passed over for promotions, targeted for disproportionate punishments and harassed because he supported his wife, also a police officer, in her efforts to correct gender discrimination by defendants since the right to be free from retaliation for protesting sexual harassment or discrimination is created by Title VII of the Civil Rights Act of 1964, not the equal protection clause.

   **Am Jur 2d, Civil Rights §§ 3, 4.**

   **Sex discrimination in law enforcement and corrections employment. 53 ALR Fed. 31.**

   **Construction and application of provisions of Title VII of Civil Rights Act of 1964 (42 USCS §§ 2000e et seq.) making sex discrimination in employment unlawful. 12 ALR Fed. 15.**

**4. Constitutional Law § 115 (NCI4th)— freedom of expression—failure to show defendants' actions improperly motivated**

Summary judgment was properly granted for defendants on plaintiffs' § 1983 claim that defendants deprived them of their First Amendment protections when they allegedly retaliated against plaintiffs for protesting sexual discrimination and harassment in the police department and when they intimidated potential witnesses, since, to surmount defendants' claims of qualified immunity, plaintiffs had to show that defendants' actions were improperly motivated, and plaintiffs failed to put forth specific evidence of such motive or intent.

**Am Jur 2d, Constitutional Law §§ 496 et seq.**

**Supreme Court's views as to application or applicability of doctrine of qualified immunity in action under 42 USCS § 1983, or in *Bivens* action, seeking damages for alleged civil rights violations. 116 L. Ed. 2d 965.**

**5. Constitutional Law § 86 (NCI4th)— discrimination policy of defendant—insufficiency of evidence**

Since plaintiffs produced no evidence that the City of Durham had a formal policy or well-established custom of discriminating against or harassing females or of retaliating against those who speak out on matters of public concern, plaintiffs' § 1983 claim against the City and City officials in their official capacities must fail.

**Am Jur 2d, Civil Rights §§ 3, 4.**

**6. Public Officers and Employees § 35 (NCI4th)— officer sued in individual capacity—insufficiency of allegations**

Defendant police chief and defendant city manager were immune from liability in their individual capacities on a claim for negligent hiring or retention because they could not be held liable for mere negligence, and plaintiffs did not argue that defendants' actions were corrupt or malicious or outside and beyond the scope of their duties.

**Am Jur 2d, Public Officers and Employees §§ 358 et seq.**

**7. Municipal Corporations § 444 (NCI4th)— waiver of immunity through purchase of liability insurance—failure to allege**

Plaintiffs failed to state a claim against defendant city manager for negligent hiring or retention in his official capacity where plaintiffs failed to allege a waiver of immunity through purchase of liability insurance.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 37 et seq.**

**Liability or indemnity insurance carried by governmental unit as affecting immunity from tort liability. 68 ALR2d 1437.**

**8. Intentional Infliction of Mental Distress § 2 (NCI4th)— discrimination alleged—insufficiency of allegations**

Summary judgment was proper for defendants on plaintiffs' claim for intentional infliction of emotional distress where plaintiffs did not show extreme and outrageous conduct on the part of defendants in purposefully harassing or discriminating against plaintiffs.

**Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 4 et seq., 17.**

**Recovery of damages for emotional distress resulting from discrimination because of sex or marital status. 61 ALR3d 944.**

**Liability of employer, supervisor, or manager for intentionally or recklessly causing employee emotional distress. 52 ALR4th 853.**

**9. Conspiracy § 12 (NCI4th)— overlooking claims of gender discrimination—insufficiency of evidence**

The trial court properly entered summary judgment for defendants on plaintiffs' claim that defendants engaged in a conspiracy to overlook claims of gender discrimination and to ignore or put off plaintiffs' complaints since plaintiffs relied on mere conjecture and showed no facts sufficient to support their allegations of a common agreement and objective.

**Am Jur 2d, Conspiracy §§ 68, 69.**

Appeal by plaintiffs from order and judgment filed 6 October 1993 by Judge A. Leon Stanback, Jr. in Durham County Superior Court. Heard in the Court of Appeals 27 September 1994.

*Alan McSurely for plaintiffs-appellants.*

*Newsom, Graham, Hedrick, Kennon & Cheek, P.A., by William P. Daniell and Joel M. Craig, for defendants-appellees.*

LEWIS, Judge.

Plaintiffs commenced this action for alleged violations of their constitutional rights under 42 U.S.C. § 1983, intentional infliction of emotional distress, civil conspiracy, and negligent hiring and retention. From entry of summary judgment for all defendants on all claims, plaintiffs appeal.

Plaintiff Charles Mark Tiffin (hereinafter "Tiffin") began working as a Durham Police Officer in 1979. Plaintiff Susan Rose Morrison-Tiffin (hereinafter "Morrison-Tiffin") began working as a Durham Police Officer in 1980. In 1982, Morrison-Tiffin resigned from the police department, but returned a few months later. That same year, plaintiffs married. Tiffin was promoted to corporal in 1982 and to sergeant in 1987. Morrison-Tiffin was promoted to corporal in 1987.

Defendant Orville Powell has been the Durham City Manager since 1983. Defendant Trevor Hampton was Durham's Chief of Police from 1988 until 1992. Defendant Jackie McNeil succeeded Hampton, becoming acting Chief of Police in 1992 and Chief of Police in 1993. Defendant Wiley Davis was the civilian Career Development Manager of the police department from 1988 until 1992.

In April 1989, Morrison-Tiffin applied for a posted sergeant's position. She failed to score within the top 40% after oral interviews and was therefore not eligible to be placed in the sergeant eligibility pool from 1989 to 1991. Later that month, Tiffin placed first on a lieutenant promotion list. Also in April, Morrison-Tiffin filed a charge of gender discrimination regarding the sergeant promotional process with the Equal Employment Opportunity Commission (hereinafter "EEOC"). The EEOC investigated and dismissed the charge. In January and February 1990, Morrison-Tiffin filed additional EEOC charges, when she was denied a transfer to the Traffic Accident Control Team and when she received a letter of reprimand from a captain concerning the filing of a homicide report. The EEOC investigated the charges and dismissed them for lack of evidence of discrimination or retaliation.

## MORRISON-TIFFIN v. HAMPTON

[117 N.C. App. 494 (1995)]

Tiffin also filed a series of EEOC charges with respect to his own employment. The EEOC found merit in one of the charges. That charge involved an incident where Tiffin was alleged to have improperly supervised another officer who used excessive force in effecting an arrest. A Police Board of Inquiry found that Tiffin had failed to properly supervise the officer and had given conflicting testimony during the investigation. The Board recommended that Tiffin be suspended for ten days and demoted. When Tiffin refused to sign a statement admitting that his testimony was inconsistent, Chief Hampton terminated him. Tiffin filed the EEOC claim and pursued the city's grievance procedure. The matter was resolved when Tiffin agreed to sign a letter of agreement and reconciliation admitting that his testimony was inconsistent. He was then reinstated and given a 30-day leave without pay.

During 1990 and 1991 Morrison-Tiffin applied for other positions at the police department but was not selected. Other women were selected for many of these positions. In 1993, Morrison-Tiffin was promoted to sergeant and Tiffin was promoted to lieutenant.

Preliminarily, we note that plaintiffs have failed to comply with Rule 28(b)(4) of the Rules of Appellate Procedure, which provides that an appellant's brief shall contain

[a] full and complete statement of the facts. This should be a non-argumentative summary of all material facts underlying the matter in controversy which are necessary to understand all questions presented for review, supported by references to pages in the transcript of proceedings, the record on appeal, or exhibits, as the case may be.

N.C.R. App. P. 28(b)(4) (1994). Plaintiffs' brief contains no statement of the facts. Instead, the brief states that "[t]he facts will be inserted throughout the argument below." Thus, the brief does not contain a "non-argumentative summary of all material facts." Plaintiffs' appeal is subject to dismissal for failure to comply with the requirements of Rule 28. *See Northwood Homeowners Ass'n, Inc. v. Town of Chapel Hill,* 112 N.C. App. 630, 436 S.E.2d 282 (1993). However, in our discretion we will review the merits of the appeal.

### I. Statute of Limitations

[1] Plaintiffs' complaint alleges that incidents from 1980 until the time of the filing of the complaint amounted to sexual harassment and discrimination, and that these acts violated her constitutional

rights under 42 U.S.C. § 1983 and amounted to intentional infliction of emotional distress. The statute of limitations applicable to section 1983 actions is the state's statute governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 279, 85 L. Ed. 2d 254, 269 (1985). The applicable North Carolina statute is N.C.G.S. § 1-52 (Cum. Supp. 1994), a three-year statute of limitations. *Gentile v. Town of Kure Beach*, 91 N.C. App. 236, 240, 371 S.E.2d 302, 305 (1988). The statute of limitations for intentional infliction of emotional distress is also three years. *Waddle v. Sparks*, 331 N.C. 73, 85, 414 S.E.2d 22, 28 (1992). Plaintiffs filed their complaint 13 December 1991. Accordingly, those events occurring before 13 December 1988 may not form the basis of plaintiffs' claims for relief. Furthermore, we find no evidence to support the application of the "continuing wrong" doctrine. *See Faulkenbury v. Teachers' & State Employees' Retirement Sys.*, 108 N.C. App. 357, 424 S.E.2d 420, *aff'd per curiam*, 335 N.C. 158, 436 S.E.2d 821 (1993). And finally, we note that of the individual defendants, only Powell, the City Manager, was even at his job before 1988.

## II. Section 1983 Claims—Individual Capacities

We now address the propriety of summary judgment as to plaintiffs' section 1983 claims. First, plaintiffs claim that the acts of defendants deprived them of their Fourteenth Amendment rights of equal protection. The individual defendants have asserted the defense of qualified immunity.

### A. Equal Protection

#### 1. Morrison-Tiffin

[2] The equal protection clause of the Fourteenth Amendment confers a constitutional right to be free from gender discrimination that is not substantially related to important government objectives. *Beardsley v. Webb*, 30 F.3d 524, 529 (4th Cir. 1994) (citing *Davis v. Passman*, 442 U.S. 228, 60 L. Ed. 2d 846 (1979)). This right is broad enough to prohibit state officials from engaging in intentional conduct designed to impede a person's career advancement because of gender. *Lindsey v. Shalmy*, 29 F.3d 1382, 1385 (9th Cir. 1994). It is well settled that a section 1983 equal protection violation requires a showing of intentional discrimination. *Dugan v. Ball State Univ.*, 815 F.2d 1132, 1135 n.1 (7th Cir. 1987).

A defendant sued under section 1983 in his individual capacity may assert the defense of qualified immunity. *Corum v. University of North Carolina*, 330 N.C. 761, 772, 413 S.E.2d 276, 283, *cert. denied,*

—— U.S. ——, 121 L. Ed. 2d 431 (1992). The test for qualified immunity was set forth in *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 410 (1982): "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Although this standard is an objective one, the inquiry must become subjective, in part, where the official's motive or intent is an essential element of the constitutional right allegedly violated. *Corum*, 330 N.C. at 772-73, 413 S.E.2d at 284. Thus,

> where the defendant's subjective intent is an element of the plaintiff's claim and the defendant has moved for summary judgment based on a showing of the objective reasonableness of his actions, the plaintiff may avoid summary judgment only by pointing to *specific evidence* that the officials' [sic] actions were improperly motivated. *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988) (emphasis supplied).

*Id.* at 774, 413 S.E.2d at 285. Mere conclusory assertions of discriminatory intent embodied in affidavits or deposition testimony are not sufficient to avert summary judgment. *Lindsey*, 29 F.3d at 1385. The court must satisfy itself that there is sufficient direct or circumstantial evidence of intent to create a genuine issue of fact for the jury, before it can deny summary judgment on the ground of immunity. *Id.*

Here Morrison-Tiffin has failed to point to specific evidence that the individual defendants were motivated by the improper desire to discriminate against her because she is a woman. With respect to the 1989 sergeant promotional process, Morrison-Tiffin was one of seventy-one applicants, about seven of whom were females, who took the initial written exam. Those applicants who scored in the top half were given oral interviews. Morrison-Tiffin scored eleventh out of the seventy-one applicants, and, along with three other females, made it to the oral interview stage. The oral interviews were conducted by a three-person panel, made up of two male out-of-town police officers and one civilian female from a private company. Plaintiff failed to score within the top 40% on the oral interview and therefore was not eligible to be in the sergeant eligibility pool. One female, however, did score high enough to make the pool. Similarly, regarding other occasions on which plaintiff applied for a promotion or transfer, although Morrison-Tiffin was not successful, other females were often successful. While we recognize that Morrison-Tiffin need not show that

defendants discriminated against all females, *see Bohen v. City of East Chicago, Ind.*, 799 F.2d 1180, 1187 (7th Cir. 1986), Morrison-Tiffin must still put forth evidence of defendants' improper motives to defeat their defense of qualified immunity. We conclude that Morrison-Tiffin has not shown specific evidence, either direct or circumstantial, of any improper motive. Her conclusory assertions of discriminatory intent cannot suffice, *Lindsey*, 29 F.3d at 1385, nor can her conclusory allegations regarding the lack of back-up she was provided on patrol surmount her burden of showing improper motive on the part of defendants.

2. Tiffin

[3] Tiffin also contends that his rights of equal protection were violated. He alleges that he was passed over for promotions, targeted for disproportionate punishments, and harassed because he "consistently supported his wife in her efforts to correct and expose the discriminatory acts" of defendants. Tiffin's allegations and proof, however, do not support an equal protection claim. To show a violation of the equal protection clause, a plaintiff must show that he has been discriminated against because he is a member of a particular class. *Gray v. Lacke*, 885 F.2d 399, 414 (7th Cir. 1989), *cert. denied*, 494 U.S. 1029, 108 L. Ed. 2d 613 (1990). A plaintiff's right to be free from retaliation for protesting sexual harassment and sexual discrimination is a right created by Title VII of the Civil Rights Act of 1964, not the equal protection clause. *Id.* Section 1983 provides a remedy for the deprivation of constitutional rights, not for violations of rights created by Title VII. *Id.* Accordingly, summary judgment was properly granted on Tiffin's equal protection claim.

### B. First Amendment

[4] Plaintiffs also contend that defendants deprived them of their First Amendment protections when they allegedly retaliated against plaintiffs for protesting sexual discrimination and harassment in the police department and when they intimidated potential witnesses. It is well established that a governmental entity cannot "condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression." *Corum*, 330 N.C. at 775, 413 S.E.2d at 285 (quoting *Connick v. Myers*, 461 U.S. 138, 142, 75 L. Ed. 2d 708, 716-17 (1983)). However, to surmount defendants' claims of qualified immunity, plaintiffs must show that defendants' actions were improperly motivated. *Id.* at 774, 413 S.E.2d at 284. Again, plaintiffs have failed to put forth specific evidence of such

motive or intent, and summary judgment was therefore properly granted on this claim.

## C. Due Process

Plaintiffs next contend that their rights to due process were violated. However, plaintiffs state no authority or reason in their brief to support their argument on this issue. Therefore, this issue is deemed abandoned. N.C.R. App. P. 28(b)(5); *Byrne v. Bordeaux*, 85 N.C. App. 262, 265, 354 S.E.2d 277, 279 (1987).

## III. Section 1983—Official Capacities and City's Liability

[5] By their amended complaint, plaintiffs' now only sue two defendants in their official capacities, McNeil and Powell. The City of Durham is also named as a defendant. A section 1983 claim against local government officials is essentially another way of pleading an action against the local government itself. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n.55, 56 L. Ed. 2d 611, 635 n.55 (1978). Under section 1983, a municipality may only be held liable for constitutional violations which were committed pursuant to formal policies or well-established customs of the municipality. *Monell*, 436 U.S. at 694, 56 L. Ed. 2d at 638. Plaintiffs have produced no evidence that the City of Durham had a formal policy or well-established custom of discriminating against or harassing females or of retaliating against those who speak out on matters of public concern. Thus, plaintiffs' claim against the City and the officials in their official capacities must fail.

## IV. Negligent Hiring/Retention

Plaintiffs argue that there was sufficient evidence to establish triable issues of fact concerning Powell's negligent hiring/retention of Davis, Hampton, and McNeil, and of Hampton's negligent hiring/retention of Davis.

[6] We first discuss the liability, if any, of Powell and Hampton in their individual capacities. They have asserted immunity as a defense to the claim. The general rule is that a public official is immune from personal liability for mere negligence in the performance of his duties, but is not immune if his actions were corrupt or malicious or if he acted outside and beyond the scope of his duties. *Slade v. Vernon*, 110 N.C. App. 422, 428, 429 S.E.2d 744, 747 (1993). Both Hampton and Powell are public officials. *See Shuping v. Barber*, 89 N.C. App. 242, 248, 365 S.E.2d 712, 716 (1988) (police officers are pub-

lic officials); *Hare v. Butler*, 99 N.C. App. 693, 700, 394 S.E.2d 231, 236 (public official is one "whose position is created by the constitution or statutes of the sovereign"), *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990); N.C.G.S. § 160A-147(a) (1994) (establishing position of city manager). Plaintiffs' cause of action is one of negligence, and plaintiffs' do not argue that Hampton or Powell's actions were corrupt or malicious or outside and beyond the scope of their duties. Plaintiffs merely argue that Hampton and Powell failed to exercise reasonable care. Because they cannot be held liable for mere negligence, Hampton and Powell are immune from liability in their individual capacities.

[7] Powell has also been sued in his official capacity. Under the doctrine of governmental immunity, a municipality and its officers or employees sued in their official capacities are immune from suit for torts committed while the officers or employees are performing a governmental function. *Taylor v. Ashburn*, 112 N.C. App. 604, 607, 436 S.E.2d 276, 278 (1993), *cert. denied*, 336 N.C. 77, 445 S.E.2d 46 (1994). A city can waive its immunity, however, by purchasing liability insurance. N.C.G.S. § 160A-485(a) (1994); *Combs v. Town of Belhaven, N.C.*, 106 N.C. App. 71, 73, 415 S.E.2d 91, 92 (1992). If the plaintiff does not allege a waiver of immunity by the purchase of insurance, the plaintiff has failed to state a claim against the governmental unit or the officer or employee. *Whitaker v. Clark*, 109 N.C. App. 379, 384, 427 S.E.2d 142, 145, *disc. review and cert. denied*, 333 N.C. 795, 431 S.E.2d 31 (1993). In the case at hand, plaintiffs did not allege a waiver of immunity. Accordingly, plaintiffs failed to state a claim against Powell in his official capacity, and summary judgment was properly granted on the negligent hiring/retention claim.

## V. Intentional Infliction of Emotional Distress

[8] The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct by the defendant (2) which is intended to cause and does cause (3) severe emotional distress. *Waddle*, 331 N.C. at 82, 414 S.E.2d at 27. If plaintiffs cannot forecast sufficient evidence of each element, summary judgment for defendants is proper. *Id.* Defendants argue that plaintiffs have failed to forecast sufficient evidence of extreme and outrageous conduct by defendants. We agree.

"[L]iability arises under this tort when a defendant's 'conduct exceeds all bounds usually tolerated by decent society' and the conduct 'causes mental distress of a very serious kind.'" *Stanback v.*

*Stanback*, 297 N.C. 181, 196, 254 S.E.2d 611, 622 (1979) (quoting William L. Prosser, *Handbook of The Law of Torts* § 12, at 56 (4th ed. 1971)). As discussed in section II., plaintiffs have failed to show that any of the defendants purposefully harassed or discriminated against plaintiffs. We conclude that on the facts of this case, without such a showing, plaintiffs have not shown extreme and outrageous conduct on the part of defendants. Therefore, summary judgment for defendants was proper.

## VI. Civil Conspiracy

**[9]** Plaintiffs next contend that defendants Hampton, Davis, and Powell engaged in a conspiracy to overlook claims of gender discrimination and to ignore or put off plaintiffs' complaints, and that the trial court erred in entering summary judgment for defendants on this claim.

"An action for civil conspiracy will lie when there is an agreement between two or more individuals to do an unlawful act or to do a lawful act in an unlawful way, resulting in injury inflicted by one or more of the conspirators pursuant to a common scheme." *Daniel Boone Complex, Inc. v. Furst*, 43 N.C. App. 95, 103, 258 S.E.2d 379, 386 (1979), *disc. review denied*, 299 N.C. 120, 261 S.E.2d 923 (1980). Thus, to prevail, plaintiffs must show that an overt act was committed pursuant to a common agreement and in furtherance of a common objective. *Dickens v. Puryear*, 302 N.C. 437, 456, 276 S.E.2d 325, 337 (1981). Although liability may be established by circumstantial evidence, the evidence of the agreement must be more than a suspicion or conjecture to justify submission of the issue to the jury. *Id.* An adequately supported motion for summary judgment by the defendant triggers the plaintiff's responsibility to produce facts, as distinguished from allegations, sufficient to show that he will be able to prove his claim at trial. *Id.* In the present case, plaintiffs rely on mere conjecture and have shown no facts sufficient to support their allegations of a common agreement and objective. Accordingly, the trial court properly entered summary judgment for defendants.

Finally, we note that plaintiffs begin their brief with a discussion of what are labeled "Threshold Questions." Their arguments relate to procedural issues involving the pleadings and discovery in this case. However, plaintiffs did not raise these issues before the trial court and have not made them the subject of assignments of error. Accordingly, the issues are not properly before this Court. N.C.R. App. P. 10.

For the reasons stated, the order and judgment of the trial court is affirmed.

Affirmed.

Judges JOHNSON and GREENE concur.