JESSICA SIERRA HOPE ANDERSON BY AND THROUGH GUARDIAN AD LITEM JERRY H. JEROME, TAMMY ANDERSON AND HUSBAND, DALE ANDERSON, PLAINTIFFS v. TOWN OF ANDREWS AND COUNTY OF CHEROKEE, DEFENDANTS

No. COA97-41

(Filed 4 November 1997)

**1. Appeal and Error § 111 (NCI4th)— denial of motion to dismiss—sovereign immunity—right of appeal**

The denial of defendant town's motion to dismiss a child's personal injury claim on the ground of sovereign immunity was immediately appealable.

**2. Appeal and Error § 114 (NCI4th)— denial of motion to dismiss—failure to state claim—no right of appeal**

The denial of defendant town's Rule 12(b)(6) motion to dismiss a father's claim for negligent infliction of emotional distress for failure to state a claim was not immediately appealable.

**3. Municipal Corporations § 444 (NCI4th)— tort liability—waiver of immunity—sufficient allegation**

An allegation that defendant town, at all times relevant to this claim, maintained liability insurance affording coverage to this action was sufficient to allege waiver of sovereign immunity by the purchase of liability insurance even though the word "waiver" was not used in the complaint.

**4. Municipal Corporations § 445 (NCI4th)— tort liability —waiver of immunity—extent of waiver—sufficient allegation**

An allegation that defendant town maintained liability insurance affording coverage to this action was sufficient to withstand

defendant town's motion to dismiss plaintiffs' claims for damages in excess of the town's insurance policy limits since this was a sufficient allegation under a liberal construction of the pleadings that the town has liability insurance to cover the full amount of the requested damages.

Appeal by defendant Town of Andrews from order entered 2 December 1996 by Judge James U. Downs in Cherokee County Superior Court. Heard in the Court of Appeals 11 September 1997.

*Roberts & Stevens, P.A., by Frank P. Graham and Christopher Z. Campbell, for defendant-appellant Town of Andrews.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Larry S. McDevitt and Katherine L. Roth, for plaintiffs-appellees.*

WYNN, Judge.

In general, municipalities in North Carolina are immune from liability for their negligent acts arising out of governmental activities unless the municipality waives such immunity by purchasing liability insurance. A plaintiff seeking recovery under such theory must allege waiver of immunity by purchase of insurance. Did the complaint in this case sufficiently allege waiver by stating: "Upon information and belief, Defendants each maintain, and at all times relevant to this claim maintained, liability insurance affording coverage to this action." Because we believe that this pleading met the notice requirements under our law, we hold that it sufficiently alleged waiver of immunity by purchase of liability insurance.

The plaintiff in this case, a minor, by and through her parents sued Cherokee County and the Town of Andrews ("Town") for damages arising from injuries she sustained in a park maintained by the Town. The parents alleged that the negligence of the county and Town combined to result in Jessica's injuries.

Defendant Town of Andrews answered and moved to dismiss allegations in specific paragraphs of plaintiffs' complaint under Rule 12(b)(6) and to dismiss the action on the grounds of sovereign immunity. The trial court denied the Town's motions to dismiss and the Town appealed. In a reply brief filed in this Court, plaintiffs moved to dismiss the Town's appeal.

**ANDERSON v. TOWN OF ANDREWS**

[127 N.C. App. 599 (1997)]

## I.

**[1],[2]** Plaintiffs motion to dismiss the Town's appeal contends that there is no right to appeal from the denial of a 12(b)(6) motion to dismiss, even where the defendant has the defense of sovereign immunity. We have previously held otherwise. In *EEE-ZZZ Lay Drain Co. v. N.C. Dept. of Human Resources*,[1] we said:

> Generally, the denial of a motion to dismiss or for summary judgment is interlocutory and not immediately appealable. However, recent case law clearly establishes that if immunity is raised as a basis in the motion for summary adjudication, a substantial right is affected and the denial is immediately appealable.[2]

Thus, as to the issue on appeal that relates to the Town's defense of sovereign immunity, the plaintiffs' motion to dismiss this appeal is denied. However, we grant the plaintiffs' motion to dismiss the Town's appeal from the trial court's denial of its 12(b)(6) motion to dismiss the claim of plaintiff Dale Anderson, Jessica's father, for negligent infliction of emotional distress. The Town's argument is not based on sovereign immunity, but rather contends that the denial was error because the facts alleged by plaintiffs were not sufficient to state a claim for negligent infliction of emotional distress as a matter of law. Ordinarily the denial of a 12(b)(6) motion is not immediately appealable,[3] and we therefore dismiss the Town's appeal as to that issue.

## II.

**[3]** The Town first argues that the trial court erred by not dismissing Jessica's complaint for failure to state a claim because the Town's operation of the park was a governmental function and the complaint failed to allege waiver of governmental immunity by the purchase of liability insurance. In general, a municipality may not be sued for torts arising out of its involvement in governmental activities.[4] This immunity does not apply when the municipality engages in a propri-

---

1. 108 N.C. App. 24, 422 S.E.2d 338 (1992), *overruled on other grounds by* Meyer v. Walls, 489 S.E.2d 880 (1997).

2. *Id.* at 27, 422 S.E.2d at 340.

3. *Mellon v. Prosser*, 486 S.E.2d 439, 441 (1997).

4. *Morrison-Tiffin v. Hampton*, 117 N.C. App. 494, 504, 451 S.E.2d 650, 657, *appeal dismissed and disc. review denied*, 339 N.C. 739, 454 S.E.2d 654 (1995).

ANDERSON v. TOWN OF ANDREWS

[127 N.C. App. 599 (1997)]

etary function.[5] Furthermore, a municipality may waive its immunity from tort liability for governmental activities by purchasing liability insurance.[6] However, if the plaintiff does not allege "waiver of immunity by the purchase of insurance," then the plaintiff has not stated a claim against the municipality.[7]

In the subject case, paragraph 5 of the complaint alleged that "[u]pon information and belief, Defendants each maintain, and at all time relevant to this claim maintained, liability insurance affording coverage to this action." Nonetheless, the Town contends that this allegation was insufficient to allege waiver of immunity by purchase of insurance. We disagree.

At least two decisions of this Court have found allegations by a plaintiff to be sufficient to allege waiver of immunity. In *Davis v. Messer*,[8] the complaint "specifically alleged each [defendant] had 'waived governmental or sovereign immunity by the procurement of liability insurance which provides coverage to each of them for the full dollar amount of the claims asserted.' "[9] This Court held that this was sufficient to withstand defendant municipality's motion to dismiss on the basis of sovereign immunity.[10] In *Lynn v. Overlook Development*,[11] this Court found that plaintiffs' complaint contained a sufficient allegation of waiver to withstand a 12(b)(6) motion.[12] Review of the record in that case reveals that the plaintiffs alleged "[u]pon information and belief the City of Asheville is insured for its potential liability based on this claim and has thereby waived its sovereign immunity to the extent of said insurance."

In both *Davis* and *Lynn* the plaintiffs explicitly used the word waiver in the complaint and explicitly stated that the waiver of sovereign immunity was the result of the purchase of insurance.

5. *Gregory v. City of Kings Mountain*, 117 N.C. App. 99, 103, 450 S.E.2d 349, 353 (1994).

6. N.C. Gen. Stat. § 160A-485 (1994).

7. *Morrison-Tiffin*, 117 N.C. App. at 504, 451 S.E.2d at 657.

8. 119 N.C. App. 44, 457 S.E.2d 902, *disc. review denied*, 341 N.C. 647, 462 S.E.2d 508 (1995).

9. *Id.* at 50, 457 S.E.2d at 906.

10. *Id.* at 52-53, 457 S.E.2d at 907.

11. 98 N.C. App. 75, 389 S.E.2d 609 (1990), *rev'd on other grounds in part and aff'd in part*, 328 N.C. 689, 403 S.E.2d 469 (1991).

12. *Id.* at 79, 389 S.E.2d at 612-13.

However, neither case held that use of the word waiver was required to allege waiver. Furthermore, under the Rules of Civil Procedure, a complaint must contain "[a] short and plain statement . . . sufficiently particular to give the court and the parties notice of [what is] intended to be proved."[13] The Rules of Civil Procedure also provide that "[n]o technical forms of pleading or motions are required."[14] We have previously held that the policy behind notice pleading is to resolve controversies on the merits, after an opportunity for discovery, instead of resolving them based on the technicalities of pleading.[15] We have also held that a statement of a claim is adequate if it gives sufficient notice of the basis for the claim to allow the adverse party to understand it and prepare a responsive pleading.[16]

In this case, the plaintiffs' allegations were sufficient to satisfy the requirement of pleading waiver because they served to notify the Town of the grounds for their claim. From paragraph 5 of the Town's answer it is obvious that the Town actually was on notice: "It is admitted that this answering Defendant has waived its sovereign immunity to the extent that liability insurance has been acquired and may provide or afford coverage for the allegations as contained in this action." We therefore hold that because the plaintiffs sufficiently alleged waiver, the trial court did not err in denying the motion to dismiss.

## III.

[4] The Town next argues that the trial court erred in denying its motion to dismiss plaintiffs' claim for those damages in excess of the Town's insurance policy limits.

N.C. Gen. Stat. § 160A-485(a) provides that a city is liable in tort only to the extent that it has insurance that will cover the tort damages.[17] However, on a motion to dismiss, the court treats all of the allegations of the complaint as true[18] and the allegations are liberally

---

13. N.C.R. Civ. P. 8(a)(1).

14. N.C.R. Civ. P. 8(e)(1).

15. *Smith v. City of Charlotte*, 79 N.C. App. 517, 528, 339 S.E.2d 844, 851 (1986).

16. *Pyco Supply Co., Inc. v. American Centennial Ins. Co.*, 321 N.C. 435, 442, 364 S.E.2d 380, 384 (1988).

17. N.C. Gen. Stat. § 160A-485(a) (1987).

18. *Lynn v. Overlook Development*, 98 N.C. App. 75, 79, 389 S.E.2d 609, 612 (1990), *rev'd on other grounds in part and aff'd in part*, 328 N.C. 689, 403 S.E.2d 469 (1991).

construed.[19] In *Davis v. Messer*,[20] plaintiffs' tort complaint alleged that the defendant municipality had insurance covering the full amount of the claims against it.[21] The Court pointed out that it was required to accept that factual allegation as true, and held that its presence in the complaint was sufficient to withstand the defendant's motion to dismiss.[22]

In this case, the plaintiff alleged "[u]pon information and belief, Defendants each maintain, and at all times relevant to this claim maintained, liability insurance affording coverage to this action." Although this does not explicitly allege that the defendant had coverage for the full amount, on a motion to dismiss the pleadings are construed liberally and under such a liberal construction this is a sufficient allegation that the Town has liability insurance to cover the full amount of the requested damages. Therefore, we hold that the trial court did not err in denying the motion to dismiss as to this issue.

Dismissed in part and affirmed.

Judges GREENE and MARTIN, Mark D., concur.

---

19. *Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987).

20. 119 N.C. App. 44, 457 S.E.2d 902, *disc. review denied*, 341 N.C. 647, 462 S.E.2d 508 (1995).

21. *Id.* at 52-53, 457 S.E.2d at 907.

